■ PEVENSEY PRESS, LTD., Appellant, v PRENTICE-HALL, INC., et al., Respondents.—Order and judgment (one paper), Supreme Court, New York County (Diane Lebedeff, J.), entered on February 14, 1989, which granted the respective motions by defendants Prentice-Hall, Inc. and W.H. Smith Publishers, Inc. to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, unanimously affirmed, with costs.

On or about August 31, 1988, plaintiff, a book publisher located in Cambridge, England, commenced the underlying action against defendant Prentice-Hall, Inc., a New York corporation engaged in the business of book publishing and distribution, and Prentice-Hall's vendees, including defendant W.H. Smith Publishers, Inc., seeking to recover monetary damages based upon defendants' alleged violation of certain covenants in a license agreement.

Specifically, by written agreement, dated August 1, 1983, plaintiff granted defendant Prentice-Hall the exclusive license to publish in book form in the United States, Canada and elsewhere and to sell throughout the world, excluding the United Kingdom and other specified geographic areas, a literary work entitled "Cambridge".

The complaint alleges, and defendant Prentice-Hall concedes, that in or about April of 1987, approximately four years after the agreement was executed, defendant Prentice-Hall made remainder sales of 3,198 copies and 897 copies of "Cambridge", respectively, to Prentice-Hall's vendees, W.H. Smith Publishers, Inc. and Outlet Book Co., Inc., and that in or about November of 1987, copies of the book "began to appear in bookstores in the United Kingdom".

Based upon the foregoing, plaintiff contends that defendant Prentice-Hall sold the book in violation of the geographic restrictions in the agreement and in violation of the implied covenant in the agreement obligating defendant Prentice-Hall to prohibit its vendees in the United States from reselling the book in the restricted geographic areas.

Nevertheless, in the case at bar, as noted by the IAS court, although the unambiguous written agreement prohibits defendant Prentice-Hall from sales in restricted areas, the agreement does not require defendant Prentice-Hall to impose a similar restriction, or any restrictions, on resales by its vendees.

While nothing prevented the parties, had it been their mutual intention, from including in the agreement a provision

requiring defendant Prentice-Hall to prohibit its vendees from selling into or in such restricted geographic areas, nevertheless, having failed to bargain for such an express restriction, plaintiff should not expect the court, under the guise of contract construction, to include such a restrictive covenant in the parties' unambiguous licensing agreement *(Collard v Incorporated Vil. of Flower Hill,* 52 NY2d 594, 603; *Rowe v Great Atl. & Pac. Tea Co.,* 46 NY2d 62, 69).

Similarly, the complaint was properly dismissed as against Prentice-Hall's vendee, W.H. Smith Publishers, Inc., as there is no basis for holding a defendant liable for breach of a contract to which it was not a party. *(Seaver v Ransom,* 224 NY 233, 237; *Aces Mechanical Corp. v Cohen Bros. Realty & Constr. Corp.,* 136 AD2d 503.)

Finally, in view of the fact that neither the complaint nor plaintiff's affidavits in opposition to the dismissal motions alleged sales by defendant Prentice-Hall in the restricted geographic areas, and, in fact, conceded that defendant Prentice-Hall had sold the books only in the United States, the IAS court did not abuse its discretion in considering the parties' affidavits in concluding that the plaintiff had failed to state a viable cause of action. *(Guggenheimer v Ginzburg,* 42 NY2d 268, 275; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.36.) Concur—Ross, J. P., Rosenberger, Ellerin and Wallach, JJ.