■ CHARLEY THOMAS et al., Respondents, v THE DRIFTERS, INC., et al., Appellants. [631 NYS2d 419] —In an action to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Rutledge, J.), dated September 20, 1993, as (1) denied the motion of the defendant Atlantic Recording Corp. to dismiss the complaint insofar as it is asserted against it, and (2) granted the plaintiffs' cross motion to strike the defendants' answers pursuant to CPLR 3124 and 3126 unless the defendants respond to all outstanding demands for discovery within 45 days of service of a copy of the order.

Ordered that the order is modified by (1) deleting the provision thereof which denied the motion of the defendant Atlantic Recording Corp. to dismiss the complaint insofar as it is asserted against it, and substituting therefore a provision granting the motion, and (2) deleting so much of the provision thereof as conditionally granted the plaintiffs' cross motion to strike the answer of the defendant Atlantic Recording Corp. and substituting therefore a provision denying the plaintiffs' cross motion as to the defendant Atlantic Recording Corp.; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court erred in denying the motion of the de-

fendant Atlantic Recording Corp. (hereinafter Atlantic) to dismiss the complaint insofar as it is asserted against it. The contract at issue was entered into by the plaintiffs, as individual members of the vocal group, The Drifters, and by the defendant The Drifters, Inc., which acted as the vocal group's agent for the purpose of obtaining separate recording contracts and collecting royalties on the group's behalf. It is uncontroverted that Atlantic was not a party to this contract. The plaintiffs alleged that The Drifters, Inc., breached the contract by failing to pass along a percentage of the royalties paid to The Drifters, Inc., by Atlantic. The plaintiffs concede, however, that Atlantic has always paid the royalties to the The Drifters, Inc. Under the circumstances, the plaintiffs have failed to state a cause of action against Atlantic for breach of contract *(see generally, Pevensey Press v Prentice-Hall, Inc.,* 161 AD2d 500, 501).

Since The Drifters, Inc., failed to serve the plaintiffs with a notice of cross motion *(see,* CPLR 2215), it was not entitled to the affirmative relief requested in its September 7, 1993, affirmation in opposition to the plaintiffs' cross motion *(see, Matter of Barquet v Rojas-Castillo,* 216 AD2d 463; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2215:1, at 124).

Since the complaint is being dismissed insofar as it is asserted against Atlantic, Atlantic's appeal from that portion of the order which granted the plaintiffs' cross motion as to it is rendered academic. However, in keeping with the Supreme Court's intention to expedite the discovery process, that portion of the order which is applicable to The Drifters, Inc., is affirmed. Bracken, J. P., Balletta, Pizzuto and Hart, JJ., concur.