■ JOHN KIDD, Respondent, v GENE EPSTEIN et al., Appellants. [915 NYS2d 38]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered October 21, 2009, which, insofar as appealed from as limited by the briefs, in an action for libel, and denied defendant Epstein's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, defendant Epstein's motion for summary judgment granted and, upon a search of the record, defendant Kobayashi is granted summary judgment. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint. Appeal from so much of the same order as denied the motion of defendant Kobayashi to dismiss the complaint pursuant to CPLR 3211, unanimously dismissed, without costs, as abandoned.

The subject e-mail published by defendants to the shareholders of the cooperative is not defamatory. Although the e-mail asserts that a letter plaintiff claimed to have obtained from his plumber for use in a legal action against defendants for damages from a water leak was a "fake," it contained a recitation of the facts supporting that assertion. Accordingly, it is a nonactionable opinion. As the Court of Appeals has explained, "[o]pinions, false or not, libelous or not, are constitutionally protected and may not be the subject of private damage actions, provided that the facts supporting the opinions are set forth" (*Rinaldi v Holt, Rinehart & Winston*, 42 NY2d 369, 380 [1977], *cert denied* 434 US 969 [1977], citing *Buckley v Littell*, 539 F2d 882, 893 [1976], *cert denied* 429 US 1062 [1977]; Restatement [Second] of Torts § 566).

The relevant factors to be considered when distinguishing between assertions of fact and nonactionable expressions of opinion are: "(1) whether the specific language in issue has a precise meaning which is readily understood; (2) whether the

statements are capable of being proven true or false; and (3) whether either the full context of the communication in which the statement appears or the broader social context and surrounding circumstances are such as to signal . . . readers or listeners that what is being read or heard is likely to be opinion, not fact" (*Gross v New York Times Co.*, 82 NY2d 146, 153 [1993] [internal quotation marks and citations omitted]). Not only does the e-mail recite the factual basis for defendant Epstein's assertion that the letter was a "fake," the surrounding circumstances make clear both that plaintiff and defendants have had a turbulent relationship and that the recipients of the e-mail were aware of the ongoing disputes between them. For these reasons, a reasonable reader, aware of the full context and social circumstances of the communication, would recognize the allegedly defamatory statements as expressions of opinion.

Defendant Kobayashi's appeal from that portion of the order which denied her motion is dismissed because she abandoned the arguments she raised below and instead joins in Epstein's arguments in support of his motion for summary judgment. As noted above, summary judgment is granted to Kobayashi upon a search of the record. Concur—Nardelli, J.P., McGuire, Acosta, Freedman and Román, JJ. **[Prior Case History: 2008 NY Slip Op 33588(U).]**