■ VITRO S.A.B. DE C.V., Appellant, v AURELIUS CAPITAL MANAGEMENT, L.P., et al., Respondents. [952 NYS2d 531]—

Plaintiff, a bankrupt glass manufacturer based in Mexico, seeks to hold defendants liable for damages allegedly incurred in connection with statements published in a press release issued in advance of plaintiff's public launch of a proposed reorganization plan. The motion court properly dismissed the breach of contract claim against the non-signatory defendants because in the absence of a contract, there could be no breach (*see Pevensey Press v Prentice-Hall, Inc.*, 161 AD2d 500, 501 [1st Dept 1990]). Plaintiff also failed to state a claim for breach of contract against the sole signatory defendant, Lord, Abbett &

Co., LLC, as the press release merely evaluated plaintiff's proposed plan, a permitted use of confidential material, and did not disclose any specific confidential terms. Moreover, this expression of opinion is constitutionally protected and cannot serve as the basis for plaintiff's injurious falsehood claim (*see Kidd v Epstein*, 79 AD3d 650 [1st Dept 2010]).

In the absence of any tortious conduct, the element of "wrongful means," necessary to support a claim for tortious interference with prospective economic advantage, is lacking (*see NBT Bancorp v Fleet/Norstar Fin. Group*, 87 NY2d 614 [1996]; *Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183 [1980]). Plaintiff also failed to establish malice as the sole motive for defendants' actions. As creditors, defendants have a clear economic interest in this matter, separate from any possible malicious motive (*see Advanced Global Tech., LLC v Sirius Satellite Radio, Inc.*, 44 AD3d 317 [1st Dept 2007]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Andrias, DeGrasse and Román, JJ.