■ Joseph T. Ryerson & Son, Inc., Respondent, v Peter R. Piffath, Appellant.—In an action to enforce a personal guarantee, the defendant appeals from an order of the Supreme Court, Suffolk County (Lama, J.), entered April 28, 1986, which denied his motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The dismissal of the plaintiff's first action for failure to serve a timely complaint pursuant to CPLR 3012 (b) was not a dismissal on the merits, and therefore the plaintiff was entitled to commence a second action for the same relief (see, Sotirakis v United Servs. Auto. Assn., 100 AD2d 931). Further, in its complaint, the plaintiff was not obligated to assert the timeliness of that second action. The Statute of Limitations is not an element of the plaintiff's claim, but an affirmative defense to be pleaded and proved or waived by the defendant (CPLR 3211 [a] [5]; [e]; see, Romano v Romano, 19 NY2d 444, 447). Beyond that, the complaint gives the defendant sufficient notice of the essential facts underlying the claim and the theory of recovery (see, CPLR 3013; Sanders v Winship, 57 NY2d 391, 394; Foley v D'Agostino, 21 AD2d 60). Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.

■ Theodore Junowicz, Appellant, v Edie Junowicz, Respondent.—In a matrimonial action, the plaintiff husband appeals from an order of the Supreme Court, Queens County (Corrado, J.), dated September 5, 1986, which granted the defendant wife's motion to vacate a default judgment of divorce entered against her.

Ordered that the order is affirmed, with costs.

In light of the liberal policy with regard to vacating default judgments in matrimonial actions (Lucas v Lucas, 109 AD2d 781; Antonovich v Antonovich, 84 AD2d 799), we find that the defendant wife provided a reasonable excuse and an adequate showing of a meritorious defense (see, CPLR 5015 [a] [1]; Shaw v Shaw, 97 AD2d 403; see also, Olivetti Leasing Corp. v Mar-Mac Precision Corp., 117 Misc 2d 865). Under the circumstances of this case, the Supreme Court did not abuse its discretion in vacating the default judgment entered against her. Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.