(November 21, 1988)

■ MARILYN ANDERSON, Respondent, v RADCLIFFE ANDERSON, Appellant.—In a matrimonial action in which the parties were previously divorced, the defendant husband appeals from an order of the Supreme Court, Westchester County (Ferraro, J.), entered March 8, 1988, which denied his motion pursuant to CPLR 5015 (a) to vacate the judgment of divorce dated July 28, 1986, an order of contempt dated August 31, 1987, and a warrant of commitment dated November 6, 1987, all entered upon his default.

Ordered that the order is affirmed, with costs.

The defendant's application to vacate the judgment of di-

vorce entered upon his default was untimely, as that application was not made until more than one year after service upon him of a copy of that judgment with notice of entry *(see,* CPLR 5015 [a] [1]). Moreover, even though the law favors the vacating of defaults in matrimonial actions *(see, Lucas v Lucas,* 109 AD2d 781; *Antonovich v Antonovich,* 84 AD2d 799), it is well settled that a party seeking to be relieved of a default judgment and ancillary orders resulting therefrom must establish a reasonable excuse for the default and the existence of a meritorious case *(see, Junowicz v Junowicz,* 132 AD2d 527). The defendant has failed to do so, as his affidavit in support of the motion sets forth no explanation for his defaults and contains only vague and generalized denials of the allegations in the plaintiff's divorce complaint. Accordingly, the court did not abuse its discretion in denying the defendant's motion. Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.