■ BARBARA D. WAYASAMIN, Respondent, v MARCUS WAYASAMIN, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals (1) from an order of the Supreme Court, Queens County (Ambrosio, J.), dated November 22, 1988, which denied his motion to vacate a judgment of the same court entered August 15, 1988, upon his default in answering the complaint, (2), as limited by his brief, from so much of an order of the same court, dated April 27, 1989, as, upon reargument, adhered to the original determination, (3) as limited by his brief, from so much of an order of the same court, dated April 25, 1989, as granted, in part, the plaintiff wife's motion for a writ of assistance to enforce the divorce judgment, and (4) from an order of the same court, dated November 13, 1989, which granted the plaintiff's motion for a writ of assistance to enforce the divorce judgment.

Ordered that the appeal from the order dated November 22, 1988, is dismissed, without costs or disbursements, as that order was superseded by the order dated April 27, 1989, made upon reargument; and it is further,

Ordered that the order dated April 27, 1989, is modified, as a matter of discretion, by deleting the provisions thereof denying those branches of the defendant's motion which were to vacate the fourth, fifth, sixth, seventh and ninth decretal paragraphs of the judgment of divorce entered August 15, 1988, and substituting therefor a provision granting those

branches of the defendant's motion; as so modified, the order dated April 27, 1989, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the economic issues, the order dated November 22, 1988, is modified accordingly, and so much of the order dated April 25, 1989, as is appealed from, and the order dated November 13, 1989, are vacated; and it is further,

Ordered that the appeals from the orders dated April 25, 1989, and November 13, 1989, are dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated April 27, 1989; and it is further,

Ordered that defendant shall serve an answer with respect to the economic issues within 20 days after service upon him of a copy of this decision and order, with notice of entry.

The plaintiff wife and the defendant husband were married in 1970 and have one child, a son, who presently resides with defendant in the former marital residence. Difficulties developed between the plaintiff and the defendant and in 1987 they executed an agreement which was drafted without benefit of counsel and which was not acknowledged or proven in the manner required to entitle a deed to be recorded (cf., Domestic Relations Law § 236 [B] [3]). By it, they agreed to joint custody of their son, whose best interests the record before us indicates will be served by his continued residence in the former marital home. The parties also thereby agreed that all assets would be distributed equally, and that the defendant's mother would purchase the plaintiff's 50% interest in the marital residence on terms that were only vaguely described.

Some months after execution of this agreement, the parties retained counsel and the plaintiff thereafter caused to be served on the defendant a bare summons marked "Action For Divorce" but which gave no notice that any ancillary relief was sought (cf., Domestic Relations Law § 232 [a]). Following service of a notice of appearance by the defendant's attorney, the plaintiff served a complaint by which she sought a divorce pursuant to Domestic Relations Law § 170 (1) and (4), equitable distribution of the marital assets, joint custody, and a direction that the defendant maintain certain insurance policies for the benefit of their son. The defendant served no answer but counsel thereafter conducted settlement negotiations which broke down in April 1988.

Also in April 1988 the plaintiff's counsel refused to extend

the defendant's time to answer and advised that he would seek leave to enter a default judgment. In May 1988 and again in June 1988 he served the defendant's attorney with the documents required to be filed when a default judgment is sought (see, 22 NYCRR 202.21 [i]), thereby informing him of proposed findings of fact and proposed disposition of property, including provisions that certain household furnishings be distributed in accordance with the parties' 1987 agreement, except for the sale of the marital residence and an award to the plaintiff of 65% of the proceeds. Moreover, the defendant and his attorney were each served with a copy of the signed default judgment with notice of entry. The defendant, however, took no steps to vacate the judgment until November 1988, and then only in response to applications by the plaintiff to enforce the judgment.

Although the general rule with respect to the opening of default judgments is not to be applied so rigorously in matrimonial actions (see, e.g., D'Alleva v D'Alleva, 127 AD2d 732), whether a particular judgment should be opened remains a matter of discretion and an application for that relief may be denied where there is no showing of merit to the defaulting party's claims or of the existence of a reasonable excuse for the default (see, Mason v Mason, 69 AD2d 942; see also, Black v Black, 141 AD2d 689). In this case, no legally acceptable excuse was proffered on the first of the defendant's two motions to be relieved of the judgment, and although the defendant thereafter obtained new counsel and attempted to lay blame for the default upon the ineffectiveness of outgoing counsel, the defendant has not satisfactorily explained his own failures to act, notwithstanding service upon him of the judgment of divorce. Moreover, although the defendant asserts that the plaintiff had no grounds for divorce, we note he does not seek a reconciliation but rather seeks a divorce on grounds that he asserts that he possesses (cf., D'Alleva v D'Alleva, supra). Under the circumstances, we decline to interfere with the Supreme Court's exercise of discretion insofar as it concerns that portion of the judgment which awards the plaintiff a divorce.

The judgment insofar as it concerns the economic issues, including their effect on the child, is, however, on a different footing (see, Otto v Otto, 150 AD2d 57). The record before us does not appropriately demonstrate what factors the Supreme Court considered in distributing the property as it did (see, Otto v Otto, supra) or on what basis it determined that the former marital residence in which the child presently resides

should be sold *(see, Imbriale v Imbriale,* 102 AD2d 881). Under the circumstances, the Supreme Court should have opened the economic provisions of the judgment of divorce and permitted the defendant to join issue with respect thereto, including interposition of whatever challenge to the 1987 agreement he deems advisable. We therefore remit the matter to Supreme Court, Queens County, for further proceedings consistent herewith. Sullivan, J. P., Harwood, Miller and O'Brien, JJ., concur.