■ Gary W. Kellerman, Respondent, v Diana Kellerman, Appellant. [612 NYS2d 949] —In an action for a divorce and ancillary relief, the defendant wife appeals from (1) an order of the Supreme Court, Suffolk County (Doyle, J.), dated January 24, 1992, which denied her motion to vacate her default in appearing at an inquest, and (2) a resettled order of the same court, dated February 25, 1992, which also denied her motion to vacate her default in appearing at an inquest.

Ordered that the appeal from the order dated January 24, 1992, is dismissed, as that order was superseded by the resettled order; and it is further,

Ordered that the resettled order is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

Although it is true that as a general rule in matrimonial cases, the courts have adopted a liberal policy of vacating defaults *(see, Larrieux v Larrieux,* 178 AD2d 582; *Matter of Tauber v Tauber,* 152 AD2d 674; *Kremer v Kremer,* 150 AD2d 759), it is still incumbent upon the moving party to show a reasonable excuse for the default (i.e., that it was neither intentional nor willful) and the existence of a meritorious defense *(see, Babbo v Babbo,* 191 AD2d 606; *Larrieux v Larrieux, supra; Wayasamin v Wayasamin,* 167 AD2d 460; *Anderson v Anderson,* 144 AD2d 512). We find that the record herein supports the trial court's determination that the wife had failed to establish either a reasonable excuse for her default or to show the existence of a meritorious defense. Accordingly, it was not an improvident exercise of discretion to deny the wife's motion. Moreover, under the circumstances of this case, we find no justification to reopen the inquest on the economic provisions of the judgment of divorce. Thompson, J. P., Balletta, Pizzuto and Joy, JJ., concur.