■ PHYLLIS SCHORR, Appellant, v GEORGE SCHORR, Respondent. [624 NYS2d 222] —In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (Yachnin, J.), dated March 22, 1994, which granted the defendant's motion to vacate a judgment of divorce entered November 5, 1992, upon his default.

Ordered that the order is modified by deleting the provision thereof which vacated that portion of the judgment of divorce which granted a divorce to the plaintiff upon the grounds of cruel and inhuman treatment by the defendant; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings on the equitable distribution of the parties' assets.

It is well settled that a party attempting to vacate a default judgment must establish both a reasonable excuse for the default and a meritorious cause of action (see, Sayagh v Sayagh, 205 AD2d 678; Kellerman v Kellerman, 203 AD2d 533, 534). However, this rule is not "applied with equal rigor in matrimonial actions where the State's interest in the marital res and allied issues * * * have called forth a more liberal approach, favoring dispositions on the merits" (Shaw v Shaw, 97 AD2d 403, 406; see also, Anderson v Anderson, 144 AD2d 512; Junowicz v Junowicz, 132 AD2d 527). The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court (see, Sayagh v Sayagh, supra; Black v Black, 141 AD2d 689). Here, while the defendant's excuse for disrupting the trial and leaving the courtroom during the trial was tenuous, he did, arguably, present a meritorious defense to the Supreme Court's distribution of the parties' marital assets. Additionally, the Supreme Court failed to set forth its reasons for the distribution (see, Domestic Relations Law § 236 [B] [5] [d]). Therefore, based upon our liberal policy of vacating default judgments in matrimonial actions and our deference to the Supreme Court, we find that the Supreme Court properly vacated the equitable distribution portion of the judgment of divorce (see, Otto v Otto, 150 AD2d

57, 60; *see also, Wayasamin v Wayasamin,* 167 AD2d 460, 462; *Meisl v Meisl,* 153 AD2d 839, 840). However, the defendant offered no defense to the plaintiff's allegations of abuse and, therefore, the Supreme Court should not have vacated that portion of the judgment which granted a divorce to the plaintiff *(see, Wayasamin v Wayasamin, supra; Meisl v Meisl, supra).* Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.