■ JEAN G. FAYET, Appellant, v JANINA Z. P. FAYET, Respondent. [625 NYS2d 55] —In an action to annul a marriage, the plaintiff appeals from an order of the Supreme Court, Queens County (Smith, J.), dated October 15, 1993, which granted the defendant's motion to vacate a judgment of annulment, dated April 21, 1993, entered upon her default in answering the complaint.

Ordered that the order is modified by deleting the provision thereof which vacated that portion of the judgment which granted an annulment to the plaintiff; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the issue of child support and other disputed economic issues, if any.

It is well settled that a party attempting to vacate a default judgment must establish both a reasonable excuse for the default and a meritorious cause of action (see, Sayagh v Sayagh, 205 AD2d 678; Kellerman v Kellerman, 203 AD2d 533, 534). However, this rule is not "applied with equal rigor in matrimonial actions where the State's interest in the

marital *res* and allied issues * * * have called forth a more liberal approach, favoring dispositions on the merits" *(Shaw v Shaw,* 97 AD2d 403, 406; *see also, Anderson v Anderson,* 144 AD2d 512; *Junowicz v Junowicz,* 132 AD2d 527). The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court *(see, Sayagh v Sayagh, supra; Black v Black,* 141 AD2d 689). Here, while the defendant's excuse for failing to answer the complaint was questionable, she did, arguably, present a meritorious defense to the Supreme Court's award of child support; namely, a 1992 order of the Family Court awarding her a much greater amount of support. Therefore, based upon our liberal policy of vacating default judgments in matrimonial actions and our deference to the Supreme Court, we find that the Supreme Court properly vacated the economic portion of the judgment of annulment *(see, Otto v Otto,* 150 AD2d 57, 60; *see also, Schorr v Schorr,* 213 AD2d 621; *Wayasamin v Wayasamin,* 167 AD2d 460, 462; *Meisl v Meisl,* 153 AD2d 839, 840). However, the defendant offered no defense to the plaintiff's allegation of fraud and, therefore, the Supreme Court should not have vacated that portion of the judgment which granted an annulment to the plaintiff *(see, Schorr v Schorr, supra; Wayasamin v Wayasamin, supra; Meisl v Meisl, supra).* Mangano, P. J., Lawrence, Copertino, Krausman and Goldstein, JJ., concur.