■ HERRIOT H. LOUIS, Respondent, v LYNNE LOUIS, Appellant. [647 NYS2d 819] —In an action for a divorce and ancillary relief, the defendant wife appeals (1) as limited by her brief, from those provisions of a judgment of the Supreme Court, Queens County (Polizzi, J.), entered April 4, 1995, upon her default, which awarded her child support of only $30 per child per week and permitted the plaintiff husband to take a tax exemption for one child and (2) from an order of the same court dated May 22, 1995, which denied her motion to vacate her default.

Ordered that the appeal from the judgment is dismissed, without costs or disbursements, as no appeal lies from a judgment entered on the default of the appealing party *(see,* CPLR 5511); and it is further,

Ordered that the order is modified, as a matter of discretion, by deleting therefrom the provision denying the motion to vacate the defendant's default and substituting therefor a provision granting the defendant's motion to vacate her default as to the issues of child support and the tax exemptions for the parties' children, denying the motion as to all other issues, and vacating the fourth, fifth, and seventh decretal paragraphs of the judgment; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

Although a party seeking to vacate a default judgment must establish a reasonable excuse for the default and a meritorious defense, this Court has adopted a liberal policy with respect to vacating defaults in matrimonial actions *(see, Fayet v Fayet,* 214 AD2d 534; *Schorr v Schorr,* 213 AD2d 621). We conclude that the Supreme Court improvidently exercised its discretion in denying the defendant's motion insofar as she sought to vacate her default on the issue of child support and the related issue of the tax exemptions for the children.

The defendant provided a reasonable excuse for her default, and it is clear that she did not intend to abandon her claims. The defendant answered the complaint and advised plaintiff that she would contest the economic issues only. She and her counsel failed to appear on the first scheduled trial date due to counsel's conceded mistake in calendaring the date, and there

was no evidence that the defendant was ever actually aware of the correct trial date *(see, e.g., O'Hagan v O'Hagan,* 187 AD2d 494). Moreover, there is merit to the defendant's claim that the Supreme Court's child support award and its decision to permit the plaintiff to claim one child as a tax exemption were not based on complete, accurate information about the parents' financial circumstances *(see,* Domestic Relations Law § 240).

Accordingly, the Supreme Court erred in failing to grant the defendant's motion to vacate her default as to those provisions of the judgment which involve child support and tax exemptions for the children, and the matter is remitted to the Supreme Court for further proceedings. The Supreme Court did not err, however, in denying the defendant's motion to vacate her default with respect to the remaining provisions of the judgment as she did not raise any meritorious claims with respect thereto in her motion *(see, e.g., Fayet v Fayet, supra; Schorr v Schorr, supra; Wayasamin v Wayasamin,* 167 AD2d 460). Bracken, J. P., Krausman, Goldstein and Luciano, JJ., concur.