■ LISA E. HERGERTON, Respondent, v ARTHUR W. HERGERTON, Appellant. [652 NYS2d 77] —In a matrimonial action in which the parties were divorced by an amended judgment dated May 16, 1995, the appellant former husband appeals from (1) an order of the Supreme Court, Suffolk County (Dunn, J.), dated December 12, 1995, which, *inter alia,* denied his motion, among other things, to vacate the amended judgment entered upon his default, and (2) an order of the same court (Henry, J.), dated January 12, 1996, which, *inter alia,* granted a purported cross application by the respondent former wife to appoint her as the receiver for the purpose of selling the marital residence.

Ordered that the order dated December 12, 1995, is affirmed, without costs or disbursements; and it is further,

Ordered that the order dated January 12, 1996, is reversed, on the law, without costs or disbursements, and the respondent's purported cross application is denied, with leave to replead if the respondent be so advised.

The appellant, appearing *pro se,* failed to serve a proper answer to the complaint in the respondent's action for a divorce. Following an inquest in which the appellant participated, the Supreme Court issued an amended judgment dated May 16, 1995, which, *inter alia,* granted the respondent a divorce on the ground of cruel and inhuman treatment and granted her sole custody of the parties' two children. The appellant subsequently moved, *inter alia,* to vacate the amended

judgment entered upon his default. The court denied his motion in the order dated December 12, 1995, and declined to alter its determinations regarding custody and visitation.

We agree with the appellant that he provided a reasonable excuse for his default in failing to serve a proper answer. Nevertheless, because he failed to offer a meritorious defense to the respondent's claims of abuse, the Supreme Court did not err in denying the branch of his motion which was to vacate the amended judgment insofar as it granted the respondent a divorce on the ground of cruel and inhuman treatment (*see, e.g., Fayet v Fayet,* 214 AD2d 534; *Schorr v Schorr,* 213 AD2d 621).

We agree with the Supreme Court that the allegations in the appellant's postjudgment motion provided no basis for modifying its determination to award sole custody of the parties' children to the respondent. Moreover, in an order dated March 30, 1995, issued prior to the inquest, the Supreme Court granted the respondent permission to relocate to Florida with the children. As the appellant's appeal from that order was dismissed for failure to prosecute, the court's determination to permit the respondent to relocate is not reviewable on the instant appeal (*see, Bray v Cox,* 38 NY2d 350).

The appellant contends that the amended judgment failed to adequately provide for the exercise of his visitation rights in Florida and that the Supreme Court, in its order of December 12, 1995, should have granted his request for a modification. However, the appellant moved for a permanent order of visitation while this appeal was pending, and, in an order dated June 4, 1996, the Supreme Court declined to exercise jurisdiction because Florida was now the more appropriate forum. As there is no indication that the appellant has appealed from that order, his request for a further hearing on the issue of visitation is academic (*see, e.g., Matter of Lee v Lee,* 221 AD2d 1017; *Matter of F. Children,* 199 AD2d 81).

In the order dated January 12, 1996, the Supreme Court granted the respondent affirmative relief which she requested in an amended affidavit submitted in opposition to the appellant's motion, *inter alia,* to vacate the amended judgment. This was error, as the respondent failed to serve the appellant with a notice of cross motion (*see,* CPLR 2215; *Thomas v The Drifters,* 219 AD2d 639; *Matter of Barquet v Rojas-Castillo,* 216 AD2d 463). The respondent's amended affidavit, in which she sought, *inter alia,* an award of attorney's fees and appointment as receiver of the marital residence, was served after the appellant served his reply affidavit, and there is no indication in

this record that he had a fair opportunity to respond (*cf., Fox Wander W. Neighborhood Assn. v Luther Forest Community Assn.*, 178 AD2d 871). Accordingly, the order dated January 12, 1996, is reversed and the respondent's purported cross application is denied, with leave to replead if the respondent be so advised. O'Brien, J. P., Florio, McGinity and Luciano, JJ., concur.