(November 30, 1998)

■ KAREN ADAMS, Appellant, v JOHN ADAMS, Respondent. [680 NYS2d 663] —Appeal by the plaintiff wife from (1) an order of the Supreme Court, Kings County (Harkavy, J.), dated October 23, 1997, which denied her motion, *inter alia,* to set aside, vacate, and/or stay entry of a judgment of divorce, granted to the defendant husband, after a hearing, on the ground of abandonment, and (2) an order of the same court, dated November 14, 1997, which denied her motion, *inter alia,* to vacate her default in appearing at an inquest on the equitable distribution of the marital assets.

Ordered that the order dated October 23, 1997, is affirmed; and it is further,

Ordered that the order dated November 14, 1997, is reversed, as a matter of discretion in the interests of justice, the plaintiff's motion is granted, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the issue of equitable distribution; and it is further,

Ordered that the appellant is awarded one bill of costs.

After a trial on June 9, 1997, the Supreme Court dismissed the appellant's complaint, which sought a divorce on the ground of cruel and inhuman treatment. Upon consent of the appellant's attorney, the court also granted the respondent's motion for a judgment of divorce on the ground of abandonment. Subsequently, the appellant moved, *inter alia,* to vacate the judgment of divorce granted to the husband on the ground that the court lacked subject matter jurisdiction to grant the respondent's motion for a divorce because the alleged abandonment had not occurred at least one year prior to the commencement of the instant action (*see, Phillips v Phillips,* 70 AD2d 30, 36; Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C170:7, at 604).

The Supreme Court properly denied the appellant's motion, *inter alia*, to vacate the judgment of divorce. A court may vacate a judgment on the ground of, among other things, "lack of jurisdiction to render the judgment or order" (CPLR 5015 [a] [4]). Although this Court has stated that in a divorce action grounded on abandonment, "the duration of the year is a jurisdictional prerequisite" (*Phillips v Phillips, supra,* at 36), this does not refer, as the appellant claims, to subject matter jurisdiction, but rather, to the court's "absence of power to reach the merits" because the elements of the cause of action are absent (*Lacks v Lacks,* 41 NY2d 71, 75; *see, Freccia v Carullo,* 93 AD2d 281, 286-288). Such a lack of jurisdiction is "not the kind * * * of judicial infirmit[y] to which CPLR 5015 (subd [a], par 4) is addressed. That provision is designed to preserve objections so fundamental to the power of adjudication of a court that they survive even a final judgment or order" (*Lacks v Lacks, supra,* at 75).

However, the Supreme Court improvidently exercised its discretion in denying the appellant's motion to vacate her default in appearing at the inquest on the financial issues involved in the case. Although a party attempting to vacate a default must establish both a reasonable excuse for the default and a meritorious defense (*see, Conner v Conner,* 240 AD2d 614; *Louis v Louis,* 231 AD2d 612; *Baruch v Baruch,* 224 AD2d 649), this rule is not "applied with equal rigor in matrimonial actions where the State's interest in the marital *res* and allied issues [such as child support and custody] have called forth a more liberal approach, favoring dispositions on the merits" (*Shaw v Shaw,* 97 AD2d 403, 406; *see, Louis v Louis, supra*; *Schorr v Schorr,* 213 AD2d 621).

Although the appellant's excuse for her default at the inquest on the economic issues involved in the case was somewhat questionable (*see, Foster v Gherardi,* 201 AD2d 701), the law-office failure of her former attorney should be excused under the circumstances of this case (*see,* CPLR 2005). Additionally, the appellant presented an arguably meritorious defense to the court's distribution of the marital assets (*see, Schorr v Schorr, supra*). Mangano, P. J., Joy, Friedmann and Goldstein, JJ., concur.