■ BRIAN A. ROLSTON, Respondent, v JUNE S. ROLSTON, Appellant. [689 NYS2d 226] —In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Queens County (Gartenstein, J.H.O.), dated December 14, 1998, which denied her motion to vacate a judgment of divorce entered upon her default in appearing at an inquest. The defendant's notice of appeal from a decision of the same court dated January 23, 1998, is deemed to be a premature notice of appeal from the order (*see,* CPLR 5520 [c]).

Ordered that the order is affirmed, with costs.

To vacate a judgment entered upon a default, the movant must demonstrate the existence of a reasonable excuse for the default and a meritorious defense (*see, Schorr v Schorr,* 213 AD2d 621; *Sayagh v Sayagh,* 205 AD2d 678; *Kellerman v Kellerman,* 203 AD2d 533). While the courts have adopted a generally liberal policy of vacating defaults in matrimonial disputes, the movant is still obligated to make the requisite showing (*see, Conner v Conner,* 240 AD2d 614; *Bernholz v Bernholz,* 184 AD2d 542), and "whether a particular judgment should be opened remains a matter of discretion" (*Wayasamin v Wayasamin,* 167 AD2d 460, 462).

In this case, the defendant failed to answer the complaint or

file a notice of appearance. She did subsequently appear with counsel at the initial inquest, but she merely consented to the granting of a divorce and an award of temporary custody in favor of the plaintiff at that time. Although the court advised the parties that the issues of equitable distribution and permanent custody would be the subjects of further proceedings, the defendant thereafter failed to appear at the ensuing court conferences as well as at the final inquest. Rather, her counsel advised the plaintiff's attorney that the defendant would not contest any of the relief sought by the plaintiff, including custody. The court then reviewed the evidence and awarded equitable distribution and custody in accordance with the plaintiff's requests. Only then did the defendant take action by seeking to vacate the default and to reopen all of the issues in the case, vaguely asserting that her default was attributable to a lack of proper representation by her former counsel and that she should be awarded custody because the plaintiff had previously beaten her and sexually abused her daughter from a prior relationship. However, in response, the plaintiff detailed the defendant's history of failing to appear and cooperate in the litigation, denied the allegations of physical abuse, demonstrated that the claim of sexual abuse had been investigated by the authorities and had been determined to be unfounded, and established that the forensic evidence clearly supported the award of custody to the plaintiff.

Under all of the circumstances, the defendant did not provide a reasonable explanation for her persistent and willful failure to appear at conferences and scheduled court proceedings over the 18-month period at issue, and did not establish the existence of a meritorious defense to any aspect of the plaintiff's action. Accordingly, we discern no improvident exercise of discretion in the Supreme Court's denial of her motion to vacate (*see, e.g., Baruch v Baruch,* 224 AD2d 649; *O'Donnell v O'Donnell,* 172 AD2d 654). Sullivan, Friedmann and Luciano, JJ., concur.

S. Miller, J. P., dissents and votes to reverse the order appealed from, with the following memorandum: Just a short time ago in a factually analogous case, this Court held: "[a]lthough a party attempting to vacate a judgment entered upon his or her default must establish both a reasonable excuse for the default and a meritorious defense (*see, Sayagh v Sayagh,* 205 AD2d 678; *Fennell v Mason,* 204 AD2d 599), this rule is not 'applied with equal rigor in matrimonial actions where the State's interest in the marital *res* and allied issues (such as child support and custody) have called forth a more liberal ap-

proach, favoring dispositions in the merits' (*Shaw v Shaw,* 97 AD2d 403, 406). Considering the serious allegations of abuse made by the mother against the father, as well as possible law office failure, the court erred in denying the mother's motion to vacate her default * * * without a hearing on whether she presented a reasonable excuse for her default" (*Salley v Salley,* 258 AD2d 454). That case is on all fours with the facts of the instant matter. Here, the mother lost custody upon her default in appearing, which she contends was due to failures attributable to her former attorney (*see, Adams v Adams,* 255 AD2d 535; *Louis v Louis,* 231 AD2d 612). She has also alleged, with corroborative evidence including an order of protection, that the husband has been physically abusive toward her, and had sexually abused the mother's daughter, his stepdaughter. In light of these and the other circumstances of this case, the court improvidently exercised its discretion in summarily denying the mother's motion to vacate the judgment of divorce entered upon her default which, *inter alia,* awarded the father custody of the parties' son. Thus, I dissent from the conclusion of my colleagues affirming the order on appeal.