**FRANK L. VINER**, Respondent, v **ELAINE VINER**, Appellant. [737 NYS2d 379] —In an action for a divorce and ancillary relief, the defendant appeals (1) from an order of the Supreme Court, Rockland County (Dillon, J.), dated September 25, 2000, which denied her motion pursuant to CPLR 5015 (a) to vacate her default in appearing at a discovery conference, and (2), as limited by her brief, from so much of a judgment of the same court dated September 27, 2000, as, after an inquest, failed to equitably distribute the value of the plaintiff's retirement accounts, pension fund, and certain artwork.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered the judgment is reversed insofar as appealed from, on the law and as a matter of discretion, the order is vacated, the motion is granted, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings in accordance herewith; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

When the defendant, who had recently discharged her attorney, failed to appear at a discovery conference on April 27, 2000, the Supreme Court directed that an inquest be held on the issue of the equitable distribution of the marital assets. Although the defendant appeared, without counsel, at the inquest, and requested a distributive share of the value of the plaintiff's retirement accounts, pension fund, and certain artwork, the Supreme Court determined that she had waived her right to a share of those assets by failing to appear at the conference on April 27, 2000. After retaining a new attorney, the defendant moved to vacate her default in appearing at the conference, and the Supreme Court denied her motion.

While a party seeking to vacate a default "must establish a reasonable excuse for the default and a meritorious [claim], this Court has adopted a liberal policy with respect to vacating defaults in matrimonial actions" (*Louis v Louis,* 231 AD2d 612; *see, Kolodny v Kolodny,* 286 AD2d 422). In matrimonial actions, "the State's interest in the marital *res* and allied issues * * * favor[s] dispositions on the merits" (*Shaw v Shaw,* 97 AD2d 403, 406; *see, Fayet v Fayet,* 214 AD2d 534). The parties had been married for 30 years, had two children, and the

plaintiff's income was higher than the defendant's income. Under the circumstances of this case, the defendant established a meritorious claim to a distributive share of the plaintiff's retirement accounts, pension fund, and certain artwork (*see, Majauskas v Majauskas,* 61 NY2d 481). In light of the defendant's meritorious claim, the fact that she was not represented by counsel on the single occasion when she failed to appear for a discovery conference, and the public policy in favor of determining equitable distribution issues on the merits, the Supreme Court should have granted her motion to vacate her default (*see, Adams v Adams,* 255 AD2d 535; *Louis v Louis, supra; Fayet v Fayet, supra*). Smith, J.P., Krausman, Schmidt and Cozier, JJ., concur.