■ In the Matter of LOUIS PINTO, Respondent, v PUTNAM COUNTY SUPPORT COLLECTION UNIT, Defendant, and PATRICIA

ARNDT, Appellant. [743 NYS2d 521] —In a proceeding, inter alia, for a satisfaction of a judgment for arrears in child support, the mother, Patricia Arndt, appeals, as limited by her brief, from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated May 22, 2001, as denied her motion pursuant to CPLR 5015 (a) (1) to vacate her default in answering the father's petition.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Putnam County, for further proceedings in accordance herewith.

In 1993 the mother, Patricia Arndt, obtained a judgment in the principal sum of $17,383.50 against the father, Louis Pinto, for arrears in the payment of his child support obligation. Pinto, who had become disabled in 1988, began receiving Social Security disability benefits in 1995, retroactive to 1988. At the same time, the Social Security Administration awarded to Arndt, as the custodial parent of the parties' dependent child, disability payments for the benefit of the child, including a retroactive lump sum payment of $18,426.80.

Pinto sought a satisfaction of the 1993 judgment upon the ground that it was satisfied when Arndt received the retroactive Social Security payment, and a judgment against Arndt for any further disability payments Arndt had received in excess of the principal amount of the 1993 money judgment. The court granted the unopposed petition, directed the clerk of the court "to vacate and mark satisfied" the 1993 money judgment, and enter a judgment in favor of Pinto and against Arndt in the principal sum of $4,240. Arndt moved to vacate the order entered upon her default.

While a party attempting to vacate a default must establish both a reasonable excuse for the default and a meritorious cause of action or defense (*see Viner v Viner,* 291 AD2d 398; *Adams v Adams,* 255 AD2d 535), this Court has adopted a liberal policy with respect to vacating defaults in matrimonial matters because the state's interest in the marital res and related issues such as child support and custody favors dispositions on the merits (*see, Adams v Adams, supra* at 536; *see also Viner v Viner, supra*; *Fayet v Fayet,* 214 AD2d 534). Arndt admitted that her default in responding to Pinto's motion was the result of a miscommunication between the two separate counsel with whom she consulted for the purpose of interposing an answer. She claimed, however, that this law office failure was excusable, particularly in light of her meritorious defense. We agree.

Social Security disability dependents' benefits are an entitlement granted by Congress to children at no purchase cost to the disabled parent (*see Matter of Graby v Graby,* 87 NY2d 605, 611). "[A]lthough a dependent child's Social Security benefits are derived from the disabled parent's past employment, they are designed to supplement existing resources, and are not intended to displace the obligation of the parent to support his or her children" (*Matter of Graby v Graby, supra* at 611; *see also Matter of Cohen v Hartmann,* 285 AD2d 675; *Matter of Zevotek v Zevotek,* 257 AD2d 888). Under the circumstances of this case, therefore, Arndt established a meritorious defense to Pinto's claims that he is entitled to a satisfaction of the 1993 judgment for arrears in child support, and a judgment against Arndt for other Social Security disability benefits paid to her on behalf of the dependent child. In light of Arndt's meritorious defense, the fact that she did not intend to abandon her defense to Pinto's motion (*see Louis v Louis,* 231 AD2d 612), and the public policy in favor of determining matrimonial issues on the merits, the Supreme Court should have granted her motion to vacate her default (*see* CPLR 2005; *Viner v Viner, supra; Adams v Adams, supra; Fayet v Fayet, supra*). Altman, J.P., Smith, Krausman, McGinity and Cozier, JJ., concur.