■ MAVIS KEEPIN, Appellant, v CHARLES WORMAN, Respondent. [898 NYS2d 580]—

In a matrimonial action in which the parties were divorced by judgment entered December 19, 2007, upon the plaintiff's default in answering the defendant's counterclaim, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lubell, J.), dated December 8, 2008, which denied her motion to vacate the judgment pursuant to CPLR 5015 (a) (1).

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the plaintiff's motion to vacate the judgment entered December 19, 2007, is granted, and the judgment is vacated.

The plaintiff wife commenced this action for divorce, and the defendant husband submitted an answer asserting a counterclaim also seeking a divorce. After the plaintiff defaulted in submitting a reply to the counterclaim and appearing at a status conference, the Supreme Court granted the defendant's motion for leave to enter a default judgment on his counterclaim for divorce, and scheduled an inquest on all ancillary issues. At the inquest, the defendant testified that the plaintiff suffered from schizophrenia, and had abandoned him in 2004 after 10 years of marriage. In a judgment entered December 19, 2007, the Supreme Court dissolved the marriage and awarded to the defendant all of the property identified by him, including stock accounts that were in both parties' names, and a condominium that was in both parties' names and was acquired during the marriage. The judgment further provided that neither party shall have any right to alimony, maintenance, or support.

The plaintiff subsequently moved pursuant to CPLR 5015 (a) (1) to vacate the judgment. The plaintiff demonstrated a reasonable excuse for her default and a potentially meritorious defense (*see Zaidi v New York Bldg. Contrs., Ltd.*, 61 AD3d 747, 748 [2009]), and, in light of the liberal policy of this Court with respect to vacating defaults in matrimonial actions, the Supreme Court improvidently exercised its discretion in denying the motion (*see Russo v Camarasana*, 26 AD3d 367, 368 [2006]; *Trim v Trim*, 21 AD3d 1203, 1204 [2005]; *Payne v Payne*, 4 AD3d 512, 513 [2004]).

The parties' remaining contentions are without merit or need not be considered in light of our determination. Skelos, J.P., Santucci, Lott and Sgroi, JJ., concur.