■ JAY SANFORD OSMAN, Respondent, v JOYCE REGINA OSMAN, Appellant. [922 NYS2d 449]—

In an action for a divorce and ancillary relief, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Kent, J.), entered March 16, 2010, which denied her motion, in effect, to vacate her default in appearing for a trial on ancillary economic issues, and (2) a judgment of the same court entered November 16, 2010, which, upon the order, and upon a decision dated July 29, 2010, made after an inquest, inter alia, equitably distributed the marital property and awarded her maintenance in the sum of only $1,800 per month for a period of six years.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the appeal from the judgment is dismissed (*see* CPLR 5511) except insofar as it brings up for review the order entered March 16, 2010, denying the defendant's motion to vacate her default in appearing for a trial on ancillary economic issues; and it is further,

Ordered that the judgment is reversed insofar as reviewed, on the facts and in the exercise of discretion, the defendant's motion to vacate her default in appearing for a trial on ancillary economic issues is granted, the provisions of the judgment with respect to all ancillary economic issues are vacated, and the matter is remitted to the Supreme Court, Suffolk County, for a trial on the ancillary economic issues, and a new determination on those issues and the entry of an appropriate amended judgment thereafter; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court improvidently exercised its discretion in denying the defendant's motion to vacate her default in appearing for a trial on the ancillary economic issues attendant to the parties' divorce. Although a party seeking to vacate a default must establish a reasonable excuse for the default and a potentially meritorious cause of action or defense, the courts of this state have adopted a liberal policy toward vacating defaults in matrimonial actions (*see Bird v Bird*, 77 AD3d 1382, 1383 [2010]; *Ito v Ito*, 73 AD3d 983 [2010]; *De Pass v De Pass*, 42 AD3d 723, 724 [2007]). In matrimonial actions, "[t]he State's interest in the marital res and allied issues . . . favor[s] dispositions on the merits" (*Payne v Payne*, 4 AD3d 512, 513 [2004], quoting *Viner v Viner*, 291 AD2d 398, 398 [2002]; *see Adams v Adams*, 255 AD2d 535, 536 [1998]; *Fayet v Fayet*, 214 AD2d 534, 535 [1995]). Here, the record reveals that the defendant former wife (hereinafter the wife) was taken directly from court to the hospital by ambulance on December 15, 2009, where she underwent medical tests, including a chest x-ray and EKG, before being released with a diagnosis of anxiety. Under these circumstances, the wife's claim that the anxiety attack she suffered on December 15, 2009, caused her to misapprehend the Supreme Court's instructions as to the time she was required to

return to court the next day, constituted a reasonable excuse for her failure to appear on the morning of December 16, 2009. Furthermore, the parties had been married for 27 years at the time of the commencement of the action, and the plaintiff former husband allegedly was the primary wage earner throughout the marriage. Thus, the wife has a potentially meritorious position with respect to all ancillary economic issues, including maintenance, which were resolved after the inquest held upon her default (*see Bird v Bird*, 77 AD3d at 1383; *Ito v Ito*, 73 AD3d at 984; *Viner v Viner*, 291 AD2d at 398-399; *Adams v Adams*, 255 AD2d at 536). Skelos, J.P., Belen, Lott and Cohen, JJ., concur.