■ MENO LUEDERS, Respondent, v NELLIE BOMA-LUEDERS, Appellant. [927 NYS2d 118]—

In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Rockland County (Weiner, J.), dated June 29, 2010, which denied those branches of her motion which were pursuant to CPLR 5015 (a) (1) to vacate her default in appearing for trial and to vacate so much of a judgment of divorce of the same court entered November 24, 2009, made after an inquest, as, upon her default, awarded the plaintiff ancillary relief pertaining to the issues of custody, visitation, child support, and equitable distribution.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, those branches of the defend-

ant's motion which were pursuant to CPLR 5015 (a) (1) to vacate her default in appearing for trial and to vacate so much of the judgment of divorce as awarded the plaintiff ancillary relief pertaining to the issues of custody, visitation, child support, and equitable distribution are granted, the provisions of the judgment of divorce with respect to the issues of custody, visitation, child support, and equitable distribution are vacated, and the matter is remitted to the Supreme Court, Rockland County, for a trial on the ancillary issues of custody, visitation, child support, and equitable distribution, and a new determination on those issues and the entry of an appropriate amended judgment of divorce thereafter.

The Supreme Court improvidently exercised its discretion in denying those branches of the defendant's motion which were pursuant to CPLR 5015 (a) (1) to vacate her default in appearing for trial and to vacate so much of the judgment of divorce as awarded the plaintiff ancillary relief pertaining to the issues of custody, visitation, child support, and equitable distribution. Although a party seeking to vacate a default must establish a reasonable excuse for the default and a potentially meritorious cause of action or defense, the courts of this state have adopted a liberal policy toward vacating defaults in matrimonial actions (*see Osman v Osman*, 83 AD3d 1022, 1023 [2011]; *Bird v Bird*, 77 AD3d 1382, 1382-1383 [2010]; *Ito v Ito*, 73 AD3d 983 [2010]). In matrimonial actions, "the State's interest in the marital res and allied issues [such as child support and custody] . . . favor[s] dispositions on the merits" (*Adams v Adams*, 255 AD2d 535, 536 [1998] [internal quotation marks omitted]; *see Osman v Osman*, 83 AD3d at 1023; *Payne v Payne*, 4 AD3d 512, 513 [2004]; *Viner v Viner*, 291 AD2d 398 [2002]).

Here, the record reveals that more than one week before the scheduled trial date of August 10, 2009, the defendant, who was not represented by counsel at the time, sent a letter to the Supreme Court by facsimile transmission requesting an adjournment. In her letter, which enclosed supporting documentation, the defendant explained that her employer had denied her request for leave to attend the trial, that she was worried she would lose her job if she took leave without her employer's approval, and that she had received approval for a subsequent period of leave and would make herself available to the court at that time. However, on the date of the trial, the Supreme Court mailed the defendant's correspondence back to her because she had failed to provide a copy of it to the plaintiff's attorney, and it proceeded to inquest in her absence. Under these circumstances, the defendant established that she had a reasonable

excuse for failing to appear at the trial. Moreover, in support of her motion, she established that she had a potentially meritorious position with regard to the ancillary issues of custody, visitation, child support, and equitable distribution, which were resolved after the inquest held upon her default (*see Osman v Osman,* 83 AD3d at 1024; *Keepin v Worman,* 71 AD3d 1093 [2010]; *Adams v Adams,* 255 AD2d at 536). Dillon, J.P., Covello, Chambers and Roman, JJ., concur.