(October 22, 2014)

■ IRUKA ANEKWE, Respondent, v EDWIN OKOROAFOR, Appellant. [995 NYS2d 118]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Maron, J.), entered May 21, 2013, as denied these branches of his motion which were pursuant to CPLR 5015 (a) (1) to vacate his default in appearing at an inquest and, in effect, to restore the action to the trial calendar.

Ordered that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, and those branches of the defendant's motion which were pursuant to CPLR 5015 (a) (1) to vacate his default in appearing at the inquest and, in effect, to restore the action to the trial calendar are granted.

The Supreme Court improvidently exercised its discretion in denying those branches of the defendant's motion which were pursuant to CPLR 5015 (a) (1) to vacate his default in appearing at an inquest and, in effect, to restore the action to the trial calendar. Although a party seeking to vacate a default must establish a reasonable excuse for the default and a potentially meritorious cause of action or defense, the courts of this State have adopted a liberal policy toward vacating defaults in matrimonial actions (*see Lueders v Boma-Lueders*, 85 AD3d 1130, 1131 [2011]; *Osman v Osman*, 83 AD3d 1022, 1023 [2011]; *Bird v Bird*, 77 AD3d 1382, 1382-1383 [2010]). In matrimonial actions, "the State's interest in the marital res and allied issues," such as child support and custody, "favor[s] dispositions on the merits" (*Adams v Adams*, 255 AD2d 535, 536 [1998] [internal quotation marks omitted]; *see Lueders v Boma-Lueders*, 85 AD3d at 1131; *Osman v Osman*, 83 AD3d at 1023; *Payne v Payne*, 4 AD3d 512, 513 [2004]).

Here, the defendant demonstrated a reasonable excuse for his

failure to appear at the inquest. The record indicates that the defendant's mother died in Nigeria while this action was pending, that the defendant spent several weeks in Nigeria after his mother died, and that he promptly moved to vacate his default after he returned to the United States. While the defendant was not yet in Nigeria when the Supreme Court conducted the preliminary conference at which the inquest was scheduled, he was in Nigeria at the time that the subsequent inquest was conducted and, under the circumstances presented here, it is clear that the defendant's default was not willful, and that he did not intend to abandon his claims or defenses (*see Ito v Ito*, 73 AD3d 983, 984 [2010]). Furthermore, the defendant demonstrated a potentially meritorious defense in connection with all ancillary economic issues (*see Osman v Osman*, 83 AD3d at 1023; *Ito v Ito*, 73 AD3d at 984; *Viner v Viner*, 291 AD2d 398 [2002]).

The defendant's remaining contention has not been considered because it was improperly raised for the first time on appeal. Skelos, J.P., Leventhal, Hinds-Radix, Duffy and LaSalle, JJ., concur.