tion alleging medical malpractice insofar as asserted against her (*see Romano v Persky*, 117 AD3d 814 [2014]; *Hayden v Gordon*, 91 AD3d 819 [2012]; *Savage v Franco*, 35 AD3d 581 [2006]).

However, the Supreme Court should have granted that branch of the appellant's motion which was for summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against her. The appellant demonstrated her prima facie entitlement to judgment as a matter of law in this respect through the affirmation of her experts, and the documentary evidence of a written consent form signed by the patient, which stated, inter alia, that the patient had been informed about the proposed hemodialysis procedure, the alternatives thereto, and the reasonably foreseeable risks and benefits of that procedure (*see* Public Health Law § 2805-d; *Khosrova v Westermann*, 109 AD3d at 966-967; *Zapata v Buitriago*, 107 AD3d 977 [2013]; *Johnson v Staten Is. Med. Group*, 82 AD3d 708 [2011]). In opposition to the appellant's showing in this regard, the plaintiffs failed to raise a triable issue of fact (*see Lau v Wan*, 93 AD3d 763, 765 [2012]). In his affirmation, the plaintiffs' own expert stated that the injury sustained by the patient was not a known complication of the procedure and, therefore, it was not a reasonably foreseeable risk that should have been disclosed by the appellant. Mastro, J.P., Sgroi, Cohen and Miller, JJ., concur. 

██ Lʏɴɴ Sɪᴍᴀᴋ, Appellant, v Cʀᴀɪɢ Sɪᴍᴀᴋ, Respondent. [995 NYS2d 209]—

In an action for a divorce and ancillary relief in which the complaint was dismissed based on the plaintiff's failure to appear at the trial, the plaintiff appeals from an order of the Supreme Court, Nassau County (Maron, J.), entered June 3, 2013, which denied her motion, in effect, to vacate her default.

Ordered that the order is affirmed, with costs.

Although the courts of this State have adopted a liberal policy with respect to vacating defaults in matrimonial actions (*see Lueders v Boma-Lueders*, 85 AD3d 1130, 1131 [2011]; *Osman v Osman*, 83 AD3d 1022, 1023 [2011]; *Viner v Viner*, 291 AD2d 398 [2002]), it is nevertheless incumbent upon the defaulting party to establish a reasonable excuse for the default and a potentially meritorious position (*see Sganga v Sganga*, 95 AD3d 872, 872-873 [2012]; *Dervisevic v Dervisevic*, 89 AD3d 785, 786 [2011]). A motion to vacate a default is addressed to the trial

court's sound discretion (*see Vujanic v Petrovic*, 103 AD3d 791, 792 [2013]). Here, the plaintiff's attorney claimed that he suffered a vague and unspecified dental emergency that caused his failure to appear on the morning of the scheduled trial date of the action. However, he produced no documentation or specific information regarding the alleged emergency (*cf. Osman v Osman*, 83 AD3d at 1022; *Zeltser v Sacerdote*, 24 AD3d 541, 542 [2005]), and he subsequently conceded that he had in fact appeared in court in another county to conference a different case on that very same morning. Accordingly, the Supreme Court did not improvidently exercise its discretion in finding that there was no reasonable excuse for the default.

Similarly, the plaintiff did not demonstrate a potentially meritorious action because she failed to submit an affidavit of merit or other evidence in support of her complaint, and her attempt to cure this deficiency in her reply papers was improper (*see 6014 Eleventh Ave. Realty, LLC v 6014 AH, LLC*, 114 AD3d 661, 662 [2014]; *Board of Mgrs. of Foundry at Washington Park Condominium v Foundry Dev. Co., Inc.*, 111 AD3d 776, 777 [2013]; *Sawyers v Troisi*, 95 AD3d 1293, 1294 [2012]). The parties' remaining contentions are without merit. Accordingly, the plaintiff's motion, in effect, to vacate her default was properly denied. Mastro, J.P., Sgroi, Cohen and Miller, JJ., concur.

■ Robert Thomas, Appellant, v Rita Gray, Respondent. [995 NYS2d 168]—

In an action, inter alia, for specific performance of a lease and purchase option agreement therein, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Sunshine, Ct. Atty. Ref.), dated September 23, 2012, which, after a nonjury trial, is in favor of the defendant and against him, in effect, dismissing the complaint.

Ordered that the judgment is reversed, on the law and the facts, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment in favor of the plaintiff and against the defendant on the cause of action for specific performance of the purchase option agreement.

In May 1997, the plaintiff entered into a lease to rent certain premises for a period of 20 years. The lease included an addendum with an option to purchase the subject premises for the sum of $300,000. The premises were owned by Lisence Realty Corp. (hereinafter Lisence Realty), the principal of which was