■ JOEL GOLDENBERG, Respondent, v NICOLE GOLDENBERG, Appellant. [999 NYS2d 122]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Maron, J.), dated January 6, 2014, as denied that branch of her motion which was pursuant to CPLR 5015 (a) (1) to vacate so much of a judgment of divorce of the same court (Palmieri, J.), entered October 3, 2011, as, upon her default in appearing at an inquest, awarded the plaintiff ancillary relief pertaining to the issues of visitation, child support, equitable distribution, and counsel fees.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, that branch of the defendant's motion which was pursuant to CPLR 5015 (a) (1) to vacate so much of the judgment of divorce as awarded the plaintiff ancillary relief pertaining to the issues of visitation, child support, equitable distribution, and counsel fees is granted, those provisions of the judgment of divorce are vacated, and the matter is remitted to the Supreme Court, Nassau County, for an inquest on the ancillary issues of visitation, child support, equitable distribution, and counsel fees, a new determination of those issues, and the entry of an appropriate amended judgment of divorce thereafter.

The Supreme Court improvidently exercised its discretion in denying that branch of the defendant's motion which was pursuant to CPLR 5015 (a) (1) to vacate so much of the judgment of divorce as awarded the plaintiff ancillary relief pertaining to the issues of visitation, child support, equitable distribution, and counsel fees. Although a motion to vacate a judgment on the grounds of excusable default must be made within one year after service of a copy of the judgment, "[t]he Supreme Court has the inherent authority to vacate [the] judgment in the inter-

est of justice, even where the statutory one-year period under CPLR 5015 (a) (1) has expired" (*State of New York v Kama*, 267 AD2d 225, 225 [1999]). Further, while a party seeking to vacate a default must establish a reasonable excuse for the default and a meritorious claim or defense, "the courts of this State have adopted a liberal policy toward vacating defaults in matrimonial actions" (*Osman v Osman*, 83 AD3d 1022, 1023 [2011]; *see Ito v Ito*, 73 AD3d 983 [2010]; *Cuzzo v Cuzzo*, 65 AD3d 1274 [2009]). "In matrimonial actions, 'the State's interest in the marital res and allied issues,' such as child support and custody, 'favor[s] dispositions on the merits' " (*Anekwe v Okoroafor*, 121 AD3d 930, 930 [2014], quoting *Adams v Adams*, 255 AD2d 535, 536 [1998]; *see Lueders v Boma-Lueders*, 85 AD3d 1130, 1131 [2011]; *Osman v Osman*, 83 AD3d at 1023).

Here, the record demonstrates that the defendant's former counsel failed to apprise her of the fact that he did not answer the complaint and filed a motion to serve a late answer that had been denied on the ground that the papers were defective, and that an inquest had been scheduled which he did not attend. Further, subsequent to the entry of the judgment of divorce granting the plaintiff ancillary relief, the defendant's former counsel falsely represented to the defendant that he was in the process of moving to resolve issues concerning, inter alia, equitable distribution and visitation. The defendant did not discover that a judgment of divorce had been entered upon her failure to appear at the inquest until more than a year after the judgment had been entered when she was served with a Family Court petition seeking enforcement of the judgment.

Under these circumstances, the defendant established that she had both a reasonable excuse for failing to appear at the inquest and for failing to move to vacate the judgment within the one-year period set forth in CPLR 5015 (a) (1). Moreover, in support of her motion, she established that she had a potentially meritorious position with regard to the ancillary issues of visitation, child support, equitable distribution, and counsel fees, which were resolved after the inquest held upon her default (*see Lueders v Boma-Lueders*, 85 AD3d at 1132; *Osman v Osman*, 83 AD3d at 1024). Skelos, J.P., Balkin, Austin and Barros, JJ., concur.