Shea v Miller (2018 NY Slip Op 02157)





Shea v Miller


2018 NY Slip Op 02157


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2015-05489
 (Index No. 21634/09)

[*1]John Shea, respondent, 
v
Lisa Miller, appellant.


Timothy P. Devane, New York, NY, for appellant.
Genevieve Lane Lopresti, Seaford, NY, for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (James F. Quinn, J.), dated April 8, 2015. The order, insofar as appealed from, denied the defendant's motion pursuant to CPLR 5015(a)(1), in effect, to vacate her default in appearing at trial and to restore the action to the trial calendar.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were married on June 24, 2006, and have one child. In 2008, the defendant commenced an action for a divorce and ancillary relief, and subsequently discontinued the action in 2010. In 2009, the plaintiff commenced this action for a divorce and ancillary relief. Issues related to custody and visitation were resolved by stipulation dated September 24, 2012. On November 13, 2014, after the defendant defaulted in appearing at trial on the ancillary economic issues attendant to the divorce, the Supreme Court conducted an inquest. Following the inquest, the plaintiff was awarded, inter alia, exclusive use and possession of the marital home. The court also determined that a pendente lite order directing the defendant to pay child support would remain in full force and effect. On December 4, 2014, the defendant moved pursuant to CPLR 5015(a)(1), in effect, to vacate her default and to restore the action to the trial calendar. The court denied the motion and the defendant appeals.
"Although this Court has adopted a liberal policy with respect to vacating defaults in matrimonial actions, it is still incumbent upon a defendant to demonstrate a reasonable excuse for his or her default and the existence of a potentially meritorious defense" (Dervisevic v Dervisevic, 89 AD3d 785, 785; see Capurso v Capurso, 134 AD3d 974, 975-976; Farhadi v Qureshi, 105 AD3d 990, 991. "A motion to vacate a default is addressed to the trial court's sound discretion" (Simak v Simak, 121 AD3d 1090, 1090-1091).
It is undisputed that the defendant had never missed an appearance until November 13, 2014, when she failed to appear in court because her counsel was unaware that a trial was scheduled on that date and consequently, he never informed the defendant of the required court appearance. The Supreme Court proceeded to an inquest in the defendant's absence, and the defendant promptly moved to vacate her default. Under these circumstances, it is clear that the defendant's default was not willful, and that she did not intend to abandon any of her claims or [*2]defenses (see Ito v Ito, 73 AD3d 983; Adams v Adams, 255 AD2d 535; Louis v Louis, 231 AD2d 612). Accordingly, the defendant demonstrated a reasonable excuse for not appearing at the trial.
However, the defendant failed to demonstrate a potentially meritorious defense with regard to the ancillary issues of equitable distribution and child support, which were resolved after the inquest upon her default.
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's motion pursuant to CPLR 5015(a)(1), in effect, to vacate her default in appearing at trial and to restore the action to the trial calendar.
DILLON, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court