Patouhas v Patouhas (2019 NY Slip Op 03979)





Patouhas v Patouhas


2019 NY Slip Op 03979


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-04302
 (Index No. 52354/16)

[*1]Christine Patouhas, respondent,
v
Philip Patouhas, appellant.


Philip Patouhas, Rye, NY, appellant pro se.
The Kitson Law Firm, PLLC, White Plains, NY (Patricia G. Kitson of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Westchester County (John P. Colangelo, J.), dated March 9, 2017. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(2) to dismiss the action.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that on the Court's own motion, the parties are directed to show cause why an order should or should not be made and entered imposing sanctions and/or costs, if any, including appellate counsel fees, against the defendant pursuant to 22 NYCRR 130-1.1(c) as this Court may deem appropriate, by filing an original and four copies of their respective affirmations or affidavits on that issue, including the amounts of legal fees incurred by the plaintiff in connection with this appeal, in the office of the Clerk of this Court and serving one copy of the same on each other on or before June 21, 2019; and it is further,
ORDERED that the Clerk of this Court, or her designee, is directed to serve the respective parties with a copy of this decision and order by regular mail; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
We agree with the Supreme Court's denial of that branch of the defendant's motion which was pursuant to CPLR 3211(a)(2) to dismiss the action (see Adams v Adams, 255 AD2d 535, 536). The issue of whether the plaintiff established that the parties' marriage had irretrievably broken down for a period of at least six months through the submission of a statement to that effect under oath concerns the merits of the divorce action, not the court's competence to adjudicate it (see Lacks v Lacks, 41 NY2d 71, 75; Dickerson v Thompson, 73 AD3d 52, 56; Adams v Adams, 255 AD2d at 536).
In addition, since the defendant has raised arguments on this appeal that appear to be "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification, or reversal of existing law" (22 NYCRR 130-1.1[c][1]), the appeal may be [*2]frivolous (see Curet v DeKalb Realty, LLC, 127 AD3d 914, 916; Caplan v Tofel, 65 AD3d 1180, 1181-1182). Accordingly, we direct the submission of affirmations or affidavits on the issue of whether, and in what amount, costs or sanctions in connection with this appeal should or should not be imposed on the defendant.
DILLON, J.P., CHAMBERS, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court