■ TODD WONG, Respondent, v ENA WONG, Appellant. [752 NYS2d 85] —In a matrimonial action in which the parties were divorced by judgment dated May 22, 1998, entered upon the

defendant's default in appearing or answering, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Dillon, J.), dated May 31, 2001, as denied that branch of her motion which was to vacate so much of the judgment as related to maintenance, child support, medical insurance, and equitable distribution, and granted the plaintiff's cross motion for an award of an attorney's fee.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, the motion is granted, so much of the judgment as related to maintenance, child support, medical insurance, and equitable distribution is vacated, the cross motion is denied, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

Although a party seeking to vacate a default must establish a reasonable excuse for the default and a meritorious defense, this Court has adopted a liberal policy with respect to vacating defaults in matrimonial actions (*see Viner v Viner,* 291 AD2d 398; *Louis v Louis,* 231 AD2d 612). Here, the defendant presented a reasonable excuse for failing to appear in the divorce action and a meritorious defense to the economic provisions of the judgment by demonstrating that she relied on a temporary support order of the Family Court, Queens County, in effect at the time the divorce action was commenced, which awarded her maintenance and health insurance coverage (*see Fayet v Fayet,* 214 AD2d 534). The defendant was not required to allege a change in circumstances because she was seeking an award of maintenance and a modification of child support on the basis of an inability to be self-supporting (*see Wyser-Pratte v Wyser-Pratte,* 66 NY2d 715). Moreover, to the extent that the judgment contained no provision concerning equitable distribution or maintenance, it must be reopened (*see Benjamin v Benjamin,* 249 AD2d 348). The defendant's prior actions did not constitute a permanent waiver of an award of maintenance and an upward modification of child support because she is entitled to seek modification (*see* Domestic Relations Law § 236 [B]). Finally, the plaintiff was not entitled to an award of an attorney's fee because he failed to provide adequate documentation regarding the extent of the legal services which had been provided to him (*see Darvas v Darvas,* 242 AD2d 554).

Accordingly, the Supreme Court improvidently exercised its discretion in denying the defendant's motion to vacate the economic provisions of the judgment entered upon her default and in granting the plaintiff's cross motion for an award of an attorney's fee. Thus, the order is reversed insofar as appealed

from, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith. Feuerstein, J.P., Smith, Friedmann and Adams, JJ., concur.