■ JACQUELINE RUSSO, Appellant, v MATTHEW CAMARASANA, Respondent. [808 NYS2d 553]—In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Woodward, J.), dated May 25, 2005, as denied those branches of her motion pursuant to CPLR 5015 (a) which were to vacate so much of an order of the same court dated May 12, 2004, as, upon the defendant's motion, awarded the defendant custody of the children and an attorney's fee.

Ordered that the order dated May 25, 2005, is reversed insofar

as appealed from, on the law and as a matter of discretion, with costs, those branches of the motion which were to vacate so much of the order dated May 12, 2004, as awarded the defendant custody of the children and an attorney's fee is granted, that portion of the order dated May 12, 2004, is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and new determination on the issues of custody and an attorney's fee.

This Court has adopted a liberal policy with respect to vacating defaults in matrimonial cases, particularly where, as here, the moving party has advanced a reasonable excuse and a meritorious position (*see Payne v Payne*, 4 AD3d 512, 513 [2004]; *Louis v Louis*, 231 AD2d 612 [1996]). Under the circumstances of this case, the court should have granted the plaintiff's motion to vacate with respect to the issues of custody and an attorney's fee. Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing and a new determination on the issues of custody and an attorney's fee. H. Miller, J.P., Crane, Krausman, Rivera and Lifson, JJ., concur.