■ In the Matter of SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of TARA K., Respondent, v ANTHONY R., Appellant. [887 NYS2d 188]—

In a paternity and child support proceeding pursuant to Family Court Act articles 4 and 5, respectively, the putative father appeals from an order of the Family Court, Nassau County (Greenberg, J.), dated January 24, 2008, which denied his objection to an order of the same court (Watson, S.M.), dated November 26, 2007, denying his motion to vacate an order of filiation of the same court dated July 17, 2007, entered upon his default in appearing at a hearing, and an order of support of the same court dated July 13, 2007, also entered upon his default in appearing at a hearing.

Ordered that the order dated January 24, 2008, is reversed, on the law, the facts, and in the exercise of discretion, without costs or disbursements, the objection is granted, the order dated November 26, 2007, is vacated, the appellant's motion to vacate the order of filiation and the order of support is granted, and the matter is remitted to the Family Court, Nassau County, for further proceedings on the petitions.

The Family Court improvidently exercised its discretion in denying the appellant's objection to the order dated November 26, 2007, denying his motion to vacate the order of filiation and order of support entered upon his default. While a party moving to vacate a default must establish a reasonable excuse for the default and a meritorious defense (*see Matter of Helen T. v Roosevelt B.*, 256 AD2d 583, 584 [1998]), this rule is not applied with equal rigor in filiation and support cases where a disposition on the merits is favored (*see Matter of Gabriel v Cooper*, 26 AD3d 493, 494 [2006]; *Adams v Adams*, 255 AD2d 535, 536 [1998]). Here, the appellant appeared on various adjourned dates on the petition. The transcripts of the proceedings demonstrate that the last adjourned date of the hearing was changed

numerous times by the court, during the proceedings, in an attempt to accommodate all the parties. Accordingly, it is reasonable to believe that the appellant was mistaken as to the correct date. Further, the appellant presented an arguably meritorious defense (see *Schorr v Schorr*, 213 AD2d 621 [1995]).

The appellant's remaining contention is not properly before this Court. Mastro, J.P., Covello, Dickerson and Leventhal, JJ., concur.