■ AMERICA GONZALEZ, Respondent, v WILLIAM LAWRENCE RICHMOND, Appellant. [892 NYS2d 169]—

The Supreme Court improvidently exercised its discretion in denying the defendant's motion to vacate his default in appearing before the Supreme Court on June 4, 2008 (*see Wong v Wong,* 300 AD2d 473, 474 [2002]; *Adams v Adams,* 255 AD2d 535, 536 [1998]). "Although a party seeking to vacate a default must establish a reasonable excuse for the default and a meritorious defense, this Court has adopted a liberal policy with respect to vacating defaults in matrimonial actions" (*Wong v Wong,* 300 AD2d 473, 474 [2002]). Here, the defendant not only presented a reasonable excuse for his and his attorney's failure to appear before the Supreme Court on June 4, 2008, he also presented a meritorious defense to the plaintiff's motion, inter alia, to adjudge him in contempt of the child support provisions of the parties' divorce judgment, and a meritorious case in support of his application for a downward modification of his child support obligations (*see Opperisano v Opperisano,* 35 AD3d 686, 687 [2006]; *Matter of Dellagatta v McGillicuddy,* 31 AD3d 549, 550 [2006]).

The trial court improperly considered the merits of the defendant's case under the "extreme hardship" standard applicable to spousal maintenance modification, when it should have applied the "unanticipated and unreasonable change in circumstance" standard applicable to requested child support modification (*see Matter of Schlakman v Schlakman,* 66 AD3d 786 [2009]; *Matter of Ripa v Ripa,* 61 AD3d 766 [2009]; *Matter of Connolly v Connolly,* 39 AD3d 643 [2007]).

The defendant is entitled to a hearing, as he raised triable issues of fact regarding his ability to pay and whether there has been a substantial, unanticipated, and unreasonable change of circumstances since the entry of the divorce judgment (*see David v David,* 54 AD3d 714, 714-715 [2008]; *Opperisano v Opperisano,* 35 AD3d at 688; *see generally Matter of Ripa v Ripa,* 61 AD3d 766 [2009]). Dillon, J.P., Florio, Miller and Angiolillo, JJ., concur.