■ FABIOLA ITO, Appellant, v VINICIUS ITO, Respondent. [900 NYS2d 665]—

In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Fitzmaurice, J.), entered October 22, 2008, which, upon an inquest (Dorsa, J.), after her default in appearing at trial, and upon an order of the same court (Fitzmaurice, J.), dated October 15, 2008, denying her motion to vacate her default in appearing at trial, inter alia, awarded the defendant a divorce on his counterclaim based on constructive abandonment, and directed equitable distribution of the marital property.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, the plaintiff's motion to vacate her default is granted, and the order dated October 15, 2008, is modified accordingly.

Although a party seeking to vacate a default must establish both a reasonable excuse for the default and a meritorious cause of action or defense, "this Court has adopted a liberal policy with respect to vacating defaults in matrimonial matters because the state's interest in the marital res and related issues such as child support and custody favors dispositions on the merits" (*Matter of Pinto v Putnam County Support Collection Unit*, 295 AD2d 350, 351 [2002]; *see Gonzalez v Richmond*, 68 AD3d 1057 [2009]; *Branch v Branch*, 66 AD3d 809 [2009]; *Russo v Camarasana*, 26 AD3d 367, 368 [2006]; *Payne v Payne*, 4 AD3d 512, 513 [2004]; *Viner v Viner*, 291 AD2d 398 [2002]; *Salley v Salley*, 258 AD2d 454, 455 [1999]).

Here, the record establishes that the plaintiff failed to appear in court on April 28, 2008, the first scheduled trial date in this action, because of her attorney's mistaken belief that the matter was scheduled for April 29, 2008. The Supreme Court immediately proceeded to conduct an inquest, at which it granted the defendant's oral application to amend his answer to assert a counterclaim for a divorce on the ground of constructive abandonment, and resolved all issues relating to visitation, child support, maintenance, and equitable distribution based solely upon his testimony and submissions. The plaintiff and her attorney appeared in court on April 29, 2008, and upon learning that the Supreme Court had proceeded to inquest in her absence, the plaintiff promptly moved to vacate her default.

Under these circumstances, it is clear that the plaintiff's default was not willful, and that she did not intend to abandon her claims (*see Louis v Louis*, 231 AD2d 612 [1996]). Furthermore, the plaintiff has a meritorious position on the issues which were resolved after the inquest. Accordingly, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion to vacate her default (*see Gonzalez v Richmond*, 68 AD3d 1057 [2009]; *Russo v Camarasana*, 26 AD3d at 368; *Payne v Payne*, 4 AD3d at 513; *Wong v Wong*, 300 AD2d 473, 474 [2002]; *Viner v Viner*, 291 AD2d 398 [2002]; *Louis v Louis*, 231 AD2d 612 [1996]). Covello, J.P., Florio, Eng and Chambers, JJ., concur.