(December 31, 2014)

█ NURUSSABAH ALAM, Respondent, v MANSOOR ALAM, Appellant. [1 NYS3d 227]—

In an action for a divorce and ancillary relief, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Santorelli, J.), entered October 24, 2013, which, upon his failure to appear for a trial on ancillary economic issues, and upon an order of the same court dated October 7, 2013, denying his motion to vacate his default in appearing for the trial on ancillary economic issues, inter alia, directed equitable distribution of the marital property and awarded the plaintiff child support and maintenance.

Ordered that the appeal from the judgment is dismissed except insofar as it brings up for review the order dated October 7, 2013, denying the defendant's motion to vacate his default in appearing for a trial on ancillary economic issues; and it is further,

Ordered that the judgment is reversed insofar as reviewed, on the facts and in the exercise of discretion, without costs or disbursements, the defendant's motion to vacate his default in appearing for a trial on ancillary economic issues is granted, the order dated October 7, 2013, is modified accordingly, the provisions of the judgment with respect to all ancillary economic issues are vacated, and the matter is remitted to the Supreme Court, Suffolk County, for a trial on the ancillary economic issues, and a new determination on those issues and the entry of an appropriate amended judgment thereafter.

Although no appeal lies from a judgment entered on the default of the appealing party (*see* CPLR 5511), an appeal from such a judgment does bring up for review those matters which were the subject of contest before the Supreme Court (*see Tun v Aw*, 10 AD3d 651, 652 [2004]; *James v Powell*, 19 NY2d 249, 256 n 3 [1967]; *Sarlo-Pinzur v Pinzur*, 59 AD3d 607, 607-608 [2009]). Therefore, on this appeal by the defendant from the judgment, which was entered upon his failure to appear for a trial on ancillary economic issues, this Court's review is limited to the Supreme Court's order dated October 7, 2013, which denied the defendant's motion to vacate his default (*see Atwater v Mace*, 39 AD3d 573, 573-574 [2007]; *O'Donnell v O'Donnell*, 172 AD2d 654 [1991]).

"Although a party seeking to vacate a default must establish both a reasonable excuse for the default and a [potentially] meritorious cause of action or defense, 'this Court has adopted a liberal policy with respect to vacating defaults in matrimonial matters because the state's interest in the marital res and related issues such as child support and custody favors dispositions on the merits' " (*Ito v Ito*, 73 AD3d 983, 983 [2010], quoting *Matter of Pinto v Putnam County Support Collection Unit*, 295 AD2d 350, 351 [2002]).

Here, the defendant failed to appear in court on July 18, 2013, because his counsel was unaware that a trial was scheduled on that date and, consequently, he never informed the defendant of the required court appearance. The Supreme Court immediately proceeded to an inquest in the defendant's absence, and the defendant promptly moved to vacate his default. Under these circumstances, it is clear that the defendant's default was not willful, and that he did not intend to abandon any of his claims or defenses (*see Ito v Ito*, 73 AD3d at 983; *Adams v Adams*, 255 AD2d 535 [1998]; *Louis v Louis*, 231 AD2d 612 [1996]). Furthermore, the defendant has a potentially meritorious position with respect to certain ancillary economic issues which were resolved after the inquest (*see Osman v Osman*, 83 AD3d 1022, 1024 [2011]; *Ito v Ito*, 73 AD3d at 984).

Accordingly, the defendant's motion to vacate his default should have been granted. Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.