■ ROBERT BACKHAUS, Appellant, v CAROL BACKHAUS, Respondent. [9 NYS3d 618]—

Appeal from an order of the Supreme Court, Westchester County (John P. Colangelo, J.), dated March 4, 2013. The order denied the plaintiff's motion pursuant to CPLR 5015 (a) (1) to vacate a money judgment of that court entered August 8, 2012, upon his failure to oppose the defendant's motion, inter alia, for an award of child support arrears.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the plaintiff's motion pursuant to CPLR 5015 (a) (1) to vacate the money judgment is granted, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings on the defendant's motion, inter alia, for an award of child support arrears in accordance herewith.

The parties were divorced by a judgment entered January 22, 1993. The defendant subsequently moved, by order to show cause, to collect alleged child support arrears and hold the plaintiff in contempt for violating the terms of the judgment of divorce, as subsequently modified, with respect to child support. The motion was granted upon the plaintiff's default, and a money judgment was entered against him on August 8, 2012. The plaintiff subsequently moved pursuant CPLR 5015 (a) to vacate the money judgment. He contended that he had never received the defendant's motion papers, and that he had a meritorious defense to the defendant's motion, namely, that the motion was barred by the doctrine of res judicata. The Supreme Court denied the plaintiff's motion to vacate the money judgment. We reverse.

While a party attempting to vacate a default must establish both a reasonable excuse for the default and a potentially meritorious cause of action, defense, or opposition to a motion,

this Court has adopted a liberal policy with respect to vacating defaults in matrimonial matters because the State's interest in the marital res and related issues favors dispositions on the merits (*see Alam v Alam*, 123 AD3d 1066, 1067 [2014]; *Osman v Osman*, 83 AD3d 1022, 1023 [2011]; *Ito v Ito*, 73 AD3d 983, 983 [2010]). Here, the Supreme Court improvidently exercised its discretion in denying the plaintiff's motion to vacate the money judgment, which was entered upon his default in opposing the defendant's most recent motion to collect alleged arrears in child support, which had been the subject of prior applications. The plaintiff provided a reasonable excuse for his failure to oppose the defendant's motion. Further, he proffered a potentially meritorious opposition to the motion, namely that, in light of certain proceedings conducted in the Family Court concerning the same subject, the defendant's claim for child support arrears may be precluded by the doctrine of res judicata (*see Matter of Singer v Windfield*, 125 AD3d 666, 667-668 [2015]). Accordingly, plaintiff's motion to vacate the money judgment should have been granted, and the matter must be remitted to the Supreme Court, Westchester County, for further proceedings on the defendant's motion to collect alleged child support arrears and hold the plaintiff in contempt that take into account the plaintiff's opposition to the motion, including the plaintiff's contention that the doctrine of res judicata bars the relief sought by the defendant. Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.