Florestal v Coleman-Florestal (2016 NY Slip Op 05789)





Florestal


2016 NY Slip Op 05789


Decided on August 17, 2016


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 17, 2016
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
L. PRISCILLA HALL
LEONARD B. AUSTIN
BETSY BARROS, JJ.


2015-03918
 (Index No. 1898/13)

[*1]Marcel Florestal, respondent, 
v
Carole Coleman- Florestal, appellant.


Kriss, Kriss & Brignola, LLP, Albany, NY (Charles T. Kriss of counsel), for appellant.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), entered September 20, 2013. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was pursuant to CPLR 5015(a) to vacate a default judgment of that court dated June 4, 2013, entered upon his failure to oppose the defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction.
ORDERED that the order entered September 20, 2013, is affirmed insofar as appealed from, without costs or disbursements.
Shortly after this matrimonial action was commenced, a preliminary conference was scheduled for May 9, 2013. Prior to the scheduled date, the defendant moved pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction. The return date of the motion was set for May 9, 2013. Pursuant to the plaintiff's request, the preliminary conference was adjourned from May 9, 2013, to June 4, 2013. The plaintiff, however, failed to appear in court on the return date of May 9, 2013, and did not oppose the defendant's motion. The Supreme Court granted the defendant's unopposed motion, and a default judgment was subsequently rendered against the plaintiff on June 4, 2013.
The plaintiff moved, inter alia, pursuant CPLR 5015(a) to vacate the default judgment. He contended that, while he was informed that the preliminary conference was adjourned to June 4, 2013, he mistakenly believed that the return date of the defendant's motion was adjourned as well. The Supreme Court, among other things, granted that branch of the plaintiff's motion which was to vacate the default judgment. The defendant appeals from so much of the order as granted that branch of the plaintiff's motion which was to vacate the default judgment.
"While a party attempting to vacate a default must establish both a reasonable excuse for the default and a potentially meritorious cause of action, defense, or opposition to a motion, this Court has adopted a liberal policy with respect to vacating defaults in matrimonial matters because the State's interest in the marital res and related issues favors dispositions on the merits" (Backhaus v Backhaus, 128 AD3d 872, 872-873; see Alam v Alam, 123 AD3d 1066, 1067).
In light of the liberal policy with respect to vacating defaults in matrimonial matters, the Supreme Court properly granted that branch of the plaintiff's motion which was to vacate the default judgment. The plaintiff provided a reasonable excuse for his failure to oppose the defendant's motion (see Backhaus v Backhaus, 128 AD3d at 873). Further, the plaintiff has a potentially meritorious opposition to the defendant's motion (see generally Florestal v [*2]Coleman-Florestal, 124 AD3d 578).
LEVENTHAL, J.P., HALL, AUSTIN and BARROS, JJ., concur.

2015-03918 DECISION & ORDER ON MOTION
Marcel Florestal, respondent, v Carole Coleman-
Florestal, appellant.
(Index No. 1898/13)

Motion by the respondent, inter alia, to impose a sanction upon the appellant and her attorney. By decision and order on motion of this Court dated June 1, 2015, that branch of the motion which was to impose sanctions upon the appellant and her attorney was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the motion which was to impose sanctions upon the appellant and her attorney is denied.
LEVENTHAL, J.P., HALL, AUSTIN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court