■ ROSARIO FAZIO GENZONE, Appellant, v ROBERT GENZONE, Respondent. [45 NYS3d 140]—

Appeal by the plaintiff from an order of the Supreme Court, Nassau County (Sondra K. Pardes, J.), dated January 7, 2015. The order, insofar as appealed from, granted those branches of the defendant's motion pursuant to CPLR 5015 (a) (1) and 3012 (d) which were to vacate those portions of an order of that court (Daniel Palmieri, J.) entered October 24, 2012, upon the defendant's default, granting the plaintiff's unopposed motion pursuant to CPLR 3124 and 3126 and directing that an inquest be held on the issues of equitable distribution, attorney's fees, child custody, and child support, and to vacate those portions of an amended decision of that court (Sondra K. Pardes, J.) dated May 9, 2014, made after an inquest and upon the defendant's default, relating to issues involving equitable distribution, attorney's fees, child custody, and child support.

Ordered that the order dated January 7, 2015, is modified, on the law and in the exercise of discretion, by deleting the provisions thereof granting those branches of the defendant's motion which were to vacate those portions of the order entered October 24, 2012, and the amended decision dated May 9, 2014, which related to issues involving equitable distribution and attorney's fees, and substituting therefor provisions denying those branches of the defendant's motion; as so modified, the order dated January 7, 2015, is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The plaintiff commenced this action for a divorce and ancillary relief in November 2011. It is undisputed that the defendant was promptly and properly served with process but did not timely appear; that the defendant was notified of his failure to appear but still did not appear; that the defendant was served with interrogatories and discovery demands, but did not answer them; that the defendant was served with follow-up demands, but did not respond despite repeated reminders; that the defendant was served with a motion to compel disclosure

or for preclusion, but did not answer the motion; that after the Supreme Court granted the motion in an order entered October 24, 2012, finding that the plaintiff had established her right to a divorce, and directing an inquest, the defendant never appeared at any of the adjourned dates for the inquest, including August 15, 2013, and October 8, 2013, when the court received evidence; and that the court issued an amended decision dated May 9, 2014, related to issues involving equitable distribution, attorney's fees, child custody, and child support. In June 2014, the defendant moved to vacate various portions of the order entered October 24, 2012, and the amended decision dated May 9, 2014, and for leave to extend his time to answer the complaint. The plaintiff opposed the motion. In the order appealed from, the court, inter alia, granted the defendant's motion. The plaintiff appeals.

Pursuant to CPLR 5015 (a) (1), a party seeking to vacate a default ordinarily must show a reasonable excuse for his or her default and a meritorious defense to the action or motion (see *Nationstar Mtge., LLC v McLean*, 140 AD3d 1131, 1132 [2016]). Marriage, however, "constitutes an institution involving the highest interests of society" (*Fearon v Treanor*, 272 NY 268, 272 [1936]; see *Antonovich v Antonovich*, 84 AD2d 799, 799-800 [1981]), and the general policy favoring resolution of issues on the merits has especial force in cases involving the marital relationship (see *Alam v Alam*, 123 AD3d 1066, 1067 [2014]; *Fayet v Fayet*, 214 AD2d 534, 534-535 [1995]). Consequently, in matrimonial actions, this Court applies a liberal policy with respect to vacating defaults (see *Backhaus v Backhaus*, 128 AD3d 872, 872-873 [2015]; *Osman v Osman*, 83 AD3d 1022, 1023-1024 [2011]).

Here, the defendant ignored this matrimonial action for more than 2½ years, despite repeatedly receiving reminders that the action was proceeding and that the important issues attendant to it were being resolved without his participation. The only excuse he offered for his inaction was vague, conclusory, and unsupported by any evidence (see *Anderson v Anderson*, 144 AD2d 512, 513 [1988]; cf. *Alam v Alam*, 123 AD3d at 1067). Were it only the defendant's interests that were at stake here, no relief would have been warranted. This action, however, also involved issues of child custody and child support, and those issues should, if possible, not be determined on a party's default. Accordingly, vacatur of the defendant's default was appropriate, but only as to the issues of child custody and child support. To the extent that the Supreme Court granted the defendant relief as to the remaining issues,

the court improvidently exercised its discretion (*see Matter of Cummings v Rosoff*, 101 AD3d 713, 714 [2012]; *Russo v Camarasana*, 26 AD3d 367, 368 [2006]). Accordingly, the defendant's default should not have been vacated with respect to the issues of equitable distribution and attorney's fees. Balkin, J.P., Austin, Sgroi and Duffy, JJ., concur.