Wilner v Village of Roslyn (2018 NY Slip Op 05355)





Wilner v Village of Roslyn


2018 NY Slip Op 05355


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2016-10046
 (Index No. 21641/06)

[*1]Judith Wilner, etc., appellant, 
v
Village of Roslyn, respondent (and a third-party action and another action).


Ruskin Moscou Faltischek, P.C., Uniondale, NY (E. Christopher Murray and Gregory J. Kowalsky of counsel), for appellant.
Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Christine Gasser of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for injury to property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered August 17, 2016. The order, insofar as appealed from, denied the plaintiff's motion to vacate an order of the same court (F. Dana Winslow) dated April 7, 2015, which directed dismissal of the action upon the plaintiff's failure to appear at a conference.
ORDERED that the order entered August 17, 2016, is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, the plaintiff's motion is granted, and the order dated April 7, 2015, is vacated.
The plaintiff, Judith Wilner, owns a house located in the Village of Roslyn. The plaintiff's property was damaged during a rainstorm, which began on or about October 7, 2005, and continued for several days. The plaintiff and her husband, who has since died, thereafter commenced this action against the Village, alleging that the Village's failure to maintain its storm sewers caused the damage to their property. On March 13, 2011, the Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability.
In May 2013, the Supreme Court granted the motion of the plaintiff's counsel to be relieved. By March 2015, the plaintiff still had not retained new counsel and was proceeding pro se. Richard Aberle, an attorney who was representing the plaintiff's neighbor in a related action that had been joined with the plaintiff's action for discovery and trial, and who also lived in the plaintiff's [*2]neighborhood, indicated that he might be able to represent her and her neighbor simultaneously. Aberle advised the plaintiff that the court had scheduled a conference for March 19, 2015, that he would seek an adjournment of the conference, and that he would look into the possibility of simultaneous representation. However, the conference actually took place on March 18, 2015, and the plaintiff did not appear. Consequently, in an order dated April 7, 2015, the court directed dismissal of the action pursuant to 22 NYCRR 202.27. The plaintiff subsequently moved to vacate the order dated April 7, 2015, and the court denied her motion. The plaintiff appeals.
To vacate a default in appearing at a scheduled court conference, a plaintiff must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action (see CPLR 5015[a][1]; Stein v Doukas, 157 AD3d 743, 744). A determination of whether an excuse is reasonable lies within the sound discretion of the Supreme Court (see Stein v Doukas, 157 AD3d at 744; GMAC Mtge., LLC v Guccione, 127 AD3d 1136, 1138). However, public policy strongly favors the resolution of cases on the merits (see Fuentes v Virgil, 88 AD3d 643; Dimitriadis v Visiting Nurse Serv. of N.Y., 84 AD3d 1150).
Here, the Supreme Court improvidently exercised its discretion in concluding that the plaintiff did not demonstrate a reasonable excuse for missing the scheduled court conference on March 18, 2015 (see Florestal v Coleman-Florestal, 142 AD3d 580; Matter of Suffolk County Dept. of Social Servs. v Anthony R., 66 AD3d 790; Franco Belli Plumbing & Heating & Sons, Inc. v Imperial Dev. & Constr. Corp., 45 AD3d 634, 636-637). The plaintiff's evidence, which, in addition to her own affidavit, included an email exchange between herself and Aberle corroborating her assertions as to their communications, established that the plaintiff reasonably relied upon the erroneous information provided to her by Aberle, and that this was the reason for the default. The plaintiff also demonstrated, based upon, inter alia, the order granting her motion for summary judgment on the issue of liability, that she has a potentially meritorious cause of action. Contrary to the court's conclusion, the defendant failed to demonstrate that it was prejudiced, specifically, by the plaintiff's failure to appear at the March 18, 2015, conference, as its claim of prejudice was based upon the medical incapacity of its expert witness, which predated the missed appearance.
Accordingly, the Supreme Court should have granted the plaintiff's motion to vacate the order dated April 7, 2015.
BALKIN, J.P., AUSTIN, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court