CVM Partners 1, LLC v Adams (2019 NY Slip Op 04911)





CVM Partners 1, LLC v Adams


2019 NY Slip Op 04911


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2016-10849
 (Index No. 12680/07)

[*1]CVM Partners 1, LLC, respondent,
v
Birt K. Adams, appellant, et al., defendant.


Birt K. Adams, Georgetown, South Carolina, appellant pro se.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Birt K. Adams appeals from an amended judgment of foreclosure and sale of the Supreme Court, Kings County (Arthur M. Schack, J.), dated January 13, 2014. The amended judgment of foreclosure and sale, insofar as appealed from, entered upon that defendant's default, confirmed a referee's report, and is in favor of the plaintiff and against that defendant, directing a foreclosure and sale of the subject property.
ORDERED that the appeal is dismissed, without costs or disbursements.
In April 2007, Bayview Loan Servicing, LLC, the plaintiff's predecessor in interest, commenced this action against the defendant Birt K. Adams (hereinafter the defendant) and others to foreclose a mortgage on certain real property owned by the defendant in Brooklyn. The plaintiff filed affidavits of service attesting to proper service of the summons and complaint having been made on the defendant, both at the subject property, and at the defendant's residence in North Carolina.
In October 2008, the plaintiff moved, unopposed, for an order of reference. The Supreme Court granted the motion and, in November 2008, appointed a referee. In the amended judgment of foreclosure and sale appealed from, the court, inter alia, upon the defendant's default, confirmed the referee's report, directed foreclosure of the property, and directed that the property be sold at public auction.
No appeal lies from an order or judgment granted upon the default of the appealing party (see CPLR 5511; HSBC Bank USA, N.A. v Gervais, 168 AD3d 692, 693; HSBC Bank USA, N.A. v Simms, 163 AD3d 930, 932; Adotey v British Airways, PLC, 145 AD3d 748, 749). Although "an appeal from such a judgment brings up for review those matters which were the subject of contest before the Supreme Court" (Geffner v Mercy Med. Ctr., 167 AD3d 571, 572 [internal quotation marks omitted]; see Bottini v Bottini, 164 AD3d 556, 558; Alam v Alam, 123 AD3d 1066, 1067), the defendant here defaulted at every stage of the proceedings, beginning with his failure to appear or answer the complaint, continuing with his failure to appear on the return dates of his two motions, brought on by orders to show cause, one of which sought to vacate his default in failing to appear at a scheduled court conference, and ending with his failure to oppose the motions that led to the amended judgment of foreclosure and sale appealed from. Accordingly, since there were no "matters which were the subject of contest before the Supreme Court" (Geffner v Mercy Med. Ctr., [*2]167 AD3d at 572 [internal quotation marks omitted]), the appeal must be dismissed in its entirety.
RIVERA, J.P., DILLON, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court