Zeledon v Zeledon (2022 NY Slip Op 07279)

Zeledon v Zeledon

2022 NY Slip Op 07279

Decided on December 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 22, 2022

534242
[*1]Nicole A. Zeledon, Plaintiff,
v
O. Anthony Zeledon, Appellant.

Calendar Date:November 15, 2022

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Ducharme Goldie & Adams PC, Canton (Gerald J. Ducharme of counsel), for appellant.

Pritzker, J.
Appeals (1) from an order of the Supreme Court (John F. Richey, J.), entered September 29, 2021 in St. Lawrence County, which denied defendant's motion to vacate a default judgment, (2) from a judgment of said court, entered October 22, 2021 in St. Lawrence County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court, and (3) from an order of said court, entered November 10, 2021 in St. Lawrence County, which issued a domestic relations order.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 1992. In April 2017, the wife commenced this action seeking a divorce. The husband answered and asserted a counterclaim seeking a judgment of divorce against the wife. Supreme Court conducted a nonjury trial on the issues of maintence and equitable distribution, at which the husband failed to appear. After hearing the wife's testimony, the court granted her a judgment of divorce and ordered the equitable distribution of various marital property.[FN1] As relevant here, the court awarded the wife her marital share of the husband's retirement benefits, as calculated pursuant to the formula in Majauskas v Majauskas (61 NY2d 481 [1984]); the court noted that the husband has a retirement account through the New York State and Local Retirement System (hereinafter the Retirement System) — specifically, he is a member of the New York State and Local Police and Fire Retirement System, he retired in March 2009 and receives World Trade Center accidental disability retirement benefits. The court also ruled that the husband was to pay the wife arrears for retirement benefits through July 31, 2021 in the sum of $82,293. The court specifically stated that the Retirement System will be responsible for calculation of the wife's share of retirement benefits "based upon language that includes the service credit and the disability portion of [the husband's] retirement." The court also noted that the wife had a Retirement System account but found that the husband "ha[d] no interest in [it] due to the fact the same ha[d] not vested" at that time.
Thereafter, the husband promptly moved to vacate his default, disputing only the award to the wife of his retirement benefits from the Retirement System, averring that he did not appear at trial due to illness and contending that the wife was not entitled to share in the disability portion of his retirement benefit. In a September 2021 order, Supreme Court denied the motion to vacate, finding that the husband failed to meet the burden of providing both a reasonable excuse and a meritorious defense. In October 2021, the court issued a judgment of divorce on default codifying its earlier oral decision. Finally, in November 2021, the court issued a domestic relations order (hereinafter DRO), ordering the Retirement System to pay the wife directly her marital share of the husband's retirement benefits calculated by using the total of the pension[*2], including the husband's disability retirement benefit. The husband appeals from the September 2021 order denying his motion to vacate,[FN2] the October 2021 judgment of divorce and the November 2021 order issuing the DRO.
The husband contends that Supreme Court erred in denying his motion to vacate the default. We agree. Pursuant to CPLR 5015, as relevant here, a court may vacate an order "upon the ground of excusable default, if such motion is made within one year" after such order (CPLR 5015 [a] [1]). "[A] party seeking to vacate a default must establish a reasonable excuse for the default and a potentially meritorious . . . defense" to the underlying claim (Osman v Osman, 83 AD3d 1022, 1023 [2d Dept 2011]; see Kelly v Hinkley, 186 AD3d 1842, 1843 [3d Dept 2020]). Significantly, "in recognition of the important public policy of determining matrimonial actions on the merits, the courts of this State have adopted a liberal policy with respect to vacating defaults in actions for divorce" (Gass v Gass, 42 AD3d 393, 396 [1st Dept 2007]; see Osman v Osman, 83 AD3d at 1023; Trim v Trim, 21 AD3d 1203, 1204 [3d Dept 2005]).
Here, in support of his motion to vacate the default, the husband proffered an affidavit wherein he averred that on the day of the hearing he was suffering from shingles and, as such, he was in extreme pain, sleep deprived, disoriented and unable to leave his bed. The husband also submitted an affidavit from a physician's assistant who diagnosed him with, and treated him for, shingles approximately two weeks prior to the date of the trial. She also averred that she saw the husband again the day following the missed trial and that she "observed a noticeable progression of the shingles rash on [the husband's] body." Contrary to Supreme Court's determination, we find the husband's illness, which was supported by proof from the physician's assistant, to be a reasonable excuse for his default (see generally Matter of Hannah MM. v Elizabeth NN., 151 AD3d 1193, 1195 [3d Dept 2017]; Matter of Sylvia G. [Carniello—Marlowe], 139 AD3d 851, 853 [2d Dept 2016]).
As to a potentially meritorious defense, the husband claims that the wife is not entitled to the portion of his pension that is for World Trade Center accidental disability retirement benefits. "While it is true that the portion of a disability pension which represents compensation for personal injuries is separate property, the party so claiming bears the burden of demonstrating what portion of the pension reflects compensation for personal injuries, as opposed to deferred compensation" (Allwell v Allwell, 277 AD2d 789, 790 [3d Dept 2000] [internal citations omitted]). Thus, inasmuch as there is a basis in the law for the husband's defense that the wife is not entitled to the portion of his pension which represents compensation for personal injuries, because he has a reasonable excuse for his default, he should be given the opportunity to present evidence at trial in an effort to establish [*3]his defense (see Lueders v Boma-Lueders, 85 AD3d 1130, 1131-1132 [2nd Dept 2011]; Osman v Osman, 83 AD3d at 1023-1024). Accordingly, Supreme Court erred in denying the husband's motion to vacate the default and the matter must be remitted for a new trial to address equitable distribution of the husband's pension. Additionally, the husband contends that, due to a change in the vesting date of the wife's pension, he is now entitled to a share. Supreme Court should also address this issue upon remittal. Finally, we must also reverse the DRO to allow Supreme Court to issue a new one upon issuance of a new judgment of divorce.
Aarons, Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the appeal from the September 2021 order is dismissed, without costs.
ORDERED that the October 2021 judgment and November 2021 order are reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: Supreme Court rendered its decision on the record from the bench, directing the wife's counsel to prepare findings of fact and a judgment of divorce.

Footnote 2: "Although the entry of the judgment of divorce requires dismissal of the appeal from the intermediate order, our review of the judgment includes any issues raised in relation to that order" (Hassan v Barakat, 171 AD3d 1371, 1373 n 1 [3d Dept 2019] [citation omitted]; see CPLR 5501 [a] [1]; Osman v Osman, 83 AD3d 1022, 1023 [2d Dept 2011]).