Matter of Chenango County Dept. of Social Servs. v Buffa (2025 NY Slip Op 07058)

Matter of Chenango County Dept. of Social Servs. v Buffa

2025 NY Slip Op 07058

Decided on December 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 18, 2025

CV-24-1688
[*1]In the Matter of Chenango County Department of Social Services, on Behalf of Tiffany L. Brown, Respondent,
v
John C. Buffa II, Appellant.

Calendar Date:November 13, 2025

Before:Clark, J.P., Reynolds Fitzgerald, Lynch, Ceresia and Powers, JJ.

Sandra M. Colatosti, Albany, for appellant.
Chenango County Department of Social Services, Norwich (Gregory B. Peirez of counsel), for respondent.

Lynch, J.
Appeal from an order of the Family Court of Chenango County (Frank Revoir Jr., J.), entered August 21, 2024, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support, and committed respondent to jail for six months.
Respondent is the father of the subject child (born in 2011). Pursuant to a 2013 order, entered on respondent's consent, he agreed to make monthly child support payments in the amount of $50. In November 2023, petitioner filed a violation petition on behalf of the child's mother, alleging that respondent was in arrears of nearly $4,000.[FN1] Respondent appeared, pro se, for an initial appearance at which he was notified that a hearing would be held on March 4, 2024. Respondent — still pro se — failed to appear for that hearing, and the Support Magistrate (Natoli, S.M.) granted petitioner's request to proceed on his default. Following testimony from petitioner's employee, the Support Magistrate found respondent in willful violation of the support order and recommended a term of incarceration. In August 2024, Family Court confirmed the Support Magistrate's findings, sentenced respondent to six months of incarceration,[FN2] and set a purge amount of $3,729 due to the mother. Respondent, then represented by counsel, filed objections to Family Court's order, which were dismissed. Respondent appeals.
Respondent's sole argument on appeal is that his trial counsel was ineffective for failing to file a motion to vacate before the Support Magistrate, which is ordinarily "the proper procedure for challenging an order of child support entered on default" (Matter of Bowman v Muniz,172 AD3d 1491, 1492 [3d Dept 2019]).[FN3] "To successfully maintain an ineffective assistance of counsel claim, a party must demonstrate that he or she was deprived of meaningful representation as a result of his or her lawyer's deficiencies" (Matter of Kyle I. v Kandice K.,232 AD3d 1074, 1077 [3d Dept 2024] [internal quotation marks and citations omitted]). As relevant here, "[a] party seeking to vacate a default must establish a reasonable excuse for the default and a potentially meritorious defense" (Zeledon v Zeledon,211 AD3d 1387, 1389 [3d Dept 2022] [internal quotation marks, ellipsis and citation omitted]; see CPLR 5015 [a]). "Absent a showing of insufficient income or resources, a father is not excused from his obligation to provide his child with some financial support — to the extent of his ability — by the fact that he was incarcerated [or] a lack of postrelease employment . . . , particularly where he otherwise fails to prove that he was unable to pay anything to support his child" (Matter of Lillyanna A. [William ZZ.-John B.], 179 AD3d 1325, 1326-1327 [3d Dept 2020], lv denied 35 NY3d 908 [2020] [internal quotation marks and citations omitted]). "In the absence of any nonspeculative basis in the record upon which to conclude that there were grounds for a motion to [*2]vacate, counsel cannot be faulted for failing to make a motion that has little or no chance of success" (Matter of Jezrel C. [Elizabeth B.], 237 AD3d 1303, 1304 [3d Dept 2025] [internal quotation marks, ellipsis and citations omitted]; see Matter of Sheena PP. v Edward QQ.,238 AD3d 1417, 1420 [3d Dept 2025]).
Respondent contends that he has a reasonable excuse for failing to appear for the hearing because he was incarcerated. However, respondent was aware of the date of the hearing and, as indicated by his virtual appearance at the dispositional hearing, there are mechanisms in place to facilitate the appearance of incarcerated individuals. We are also unpersuaded by respondent's argument that he was without income to pay child support due to his incarceration. At an appearance in January 2024, respondent explained that he had been incarcerated for the last two years but was recently released and having a hard time finding employment. Subsequently, respondent was incarcerated again for a parole violation. We acknowledge that incarceration, and its consequences, can detrimentally impact an individual's financial resources and opportunities for employment. However, respondent has offered no record proof, aside from his self-serving assertions, that he was unable to pay any child support in recent years (see Matter of Lillyanna A. [William ZZ.-John B.], 179 AD3d at 1327; Matter of John Q. v Erica R., 104 AD3d 1097, 1098-1099 [3d Dept 2013]). Notably, respondent made two payments totaling $148 in July 2024, while he was incarcerated, indicating that he has at least some ability to pay.[FN4] Given the absence of any nonspeculative basis to conclude respondent had a reasonable excuse for his failure to appear or a meritorious defense, counsel cannot be faulted for failing to make a motion to vacate (see Matter of Jezrel C. [Elizabeth B.], 237 AD3d at 1304).
Clark, J.P., Reynolds Fitzgerald, Ceresia and Powers, JJ., concur.
ORDERED that the appeal is dismissed, without costs.

Footnotes

Footnote 1: Specifically, the petition alleged that respondent owed $3,051.90 to the child's mother and $947.56 to petitioner.

Footnote 2: The sentence was to be served concurrently with a sentence that respondent was already serving.

Footnote 3: Generally, a "respondent is only entitled to a direct appeal to this Court after making a motion to the Support Magistrate to vacate the default and then, if necessary, filing objections with Family Court" (Matter of Reaves v Jones,110 AD3d 1276, 1277 [3d Dept 2013]). However, where, as here, the respondent alleges that their appeal is precluded due to ineffective assistance of counsel, we may consider the appeal in that limited respect (see generally Matter of Jezrel C. [Elizabeth B.], 237 AD3d 1303, 1303-1304 [3d Dept 2025]).

Footnote 4: Respondent's last payment, prior to the violation petition, was in November 2020. The July 2024 payments were seemingly made on the advice of Family Court and/or counsel.