Zeledon v Zeledon
2026 NY Slip Op 04022
June 25, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Nicole A. Zeledon, Respondent,
v
O. Anthony Zeledon, Appellant.

Decided and Entered:June 25, 2026
CV-25-1565 CV-25-1566
Calendar Date: April 23, 2026
Before: Clark, J.P., Aarons, Pritzker, Mcshan And Ryba, JJ.

Hegge & Confusione, LLC, New York City (Michael J. Confusione of counsel), for appellant.
Poissant, Nichols, Grue, Vanier & Babbie, PC, Malone (Stephen A. Vanier of counsel), for respondent.

[*1]
Clark, J.P.
Appeals (1) from an order of the Supreme Court (Craig Carriero, J.), entered June 2, 2025 in St. Lawrence County, which denied defendant's motion to vacate a default judgment, and (2) from a judgment of said court, entered July 17, 2025 in St. Lawrence County, which granted plaintiff a divorce, upon a decision of the court.
As set forth in our prior decision involving this matter (211 AD3d 1387 [3d Dept 2022]), plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 1992 and have four adult children. In 2017, the wife commenced this divorce action against the husband. The husband answered the complaint and interposed a counterclaim also seeking a judgment of divorce. The husband failed to appear for a nonjury trial on the issues of maintenance and equitable distribution. Upon hearing the wife's testimony, Supreme Court (Richey, J.) entered a default judgment of divorce, which, as relevant here, distributed the marital property and awarded the wife her marital share of the husband's retirement benefits as calculated using the formula in Majauskas v Majauskas (61 NY2d 481 [1984]).
The husband thereafter promptly moved to vacate the default judgment, "disputing only the award to the wife of his retirement benefits from the [New York State and Local] Retirement System" (211 AD3d at 1389). Supreme Court denied the motion, and this Court reversed that determination upon the husband's appeal, finding that the husband had a reasonable excuse for failing to appear insofar as he was suffering from shingles on the date of the trial and that he raised a potentially meritorious defense in his argument that the wife was not entitled to the portion of his pension that represented World Trade Center accidental disability retirement benefits (id. at 1390). In accordance with such determination, this Court remitted the matter to Supreme Court for a new trial "to address equitable distribution of the husband's pension," as well as his entitlement to a share of the wife's pension (id.).
After the matter was restored to the calendar, the parties appeared before Supreme Court (Champagne, J.) for a pretrial conference on March 3, 2023 and the matter was adjourned at that time. During a subsequent pretrial conference on March 28, 2023, the parties appeared and "advised the [c]ourt of efforts to settle the matter," requesting another six-week adjournment. The court granted the request and adjourned the matter accordingly. On the May 9, 2023 return date, which was also scheduled for a pretrial conference, the wife appeared with counsel but the husband failed to appear. When Supreme Court inquired with the wife's counsel regarding the husband's absence, counsel advised that the husband "told [the wife] that he wasn't coming today because he didn't feel like it and had no intention of filing paperwork." Accordingly, the wife's counsel moved for a default judgment against the husband, asserting that the husband had a "long history of not being [*2]compliant, not turning over documents." The court granted the wife's motion in a bench decision that day, stating that the husband's nonappearance was "an ongoing issue" that he "should[ not] benefit from." Thereafter, in October 2023, the court issued an order formally holding the husband in default and directing the wife to submit proposed findings of fact and a judgment of divorce.
In June 2024, and again in July 2024, the husband contacted Supreme Court on a pro se basis alleging that he had been unable to appear for the court conference on May 9, 2023 due to health issues. Nearly eight months later, in March 2025, the husband — having retained counsel — filed papers denominated a "Memorandum and Argument" in which he claimed that his July 2024 pro se correspondence to the court should be construed as a timely motion to vacate the October 2023 default order under CPLR 5015 (a) (1). In April 2025, the husband, through counsel, then filed a notice of motion formally seeking to vacate the default, claiming that the motion was "supplemental to the pro se letter motion filed with the [c]ourt in July . . . 2024." In opposition, the wife denied having received a copy of the July 2024 letter referenced in the husband's moving papers and argued that the motion to vacate should be denied as untimely and on the merits.
By decision and order entered June 2, 2025, Supreme Court (Carriero, J.) denied the husband's motion to vacate, declining to construe his July 2024 letter correspondence as a timely motion to vacate and finding that the instant motion was untimely under CPLR 5015 (a) (1).FN1 The court also declined to excuse the untimeliness in the furtherance of justice, given the husband's extended delay in contacting the court following his default. To the extent that the husband sought vacatur of the default order under CPLR 5015 (a) (3) on the basis of "fraud, misrepresentation, or other misconduct of an adverse party," the court again found the husband's delay in filing the motion to be unreasonable and that his argument, which hinged on an assertion that he detrimentally relied upon a promise by the wife's counsel to advise the court of his medical issues and the terms of an alleged settlement agreement, was unavailing. In July 2025, Supreme Court issued a judgment of divorce which, as relevant here, again found that the wife was entitled to her marital share of the husband's pension as calculated using the Majauskas formula. The husband appeals from both the order denying his motion to vacate and the judgment of divorce.
Initially, the appeal from the June 2025 order denying the husband's motion to vacate his default must be dismissed, as "the entry of the judgment of divorce requires dismissal of the appeal from the intermediate order" (Zeledon v Zeledon, 211 AD3d at 1389 n 2 [internal quotation marks and citations omitted]). Nevertheless, "our review of the judgment includes any issues raised in relation to that order" (id. [internal quotation marks [*3]and citations omitted]). As for the propriety of such order, under the circumstances presented, Supreme Court did not abuse its discretion in denying the husband's motion to vacate.
Pursuant to CPLR 5015 (a) (1), a party may move to vacate a judgment or order "upon the ground of . . . excusable default, if such motion is made within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party." "[A] party seeking to vacate a default judgment must establish both a reasonable excuse for the default and a [potentially] meritorious defense to the underlying claim" (Matter of April V. v Jonathan U., 248 AD3d 1624, 1625 [3d Dept 2026] [internal quotation marks and citations omitted]; see Matter of Alexis D. v Tyquazia E., 196 AD3d 770, 771 [3d Dept 2021]).
Here, the record indicates that the husband received a copy of the October 2023 default order the same month it was entered and he does not dispute such contention on appeal. As the husband was aware by at least October 2023 that a default judgment had been issued against him yet did not formally move to vacate the default until 18 months later — in April 2025 — Supreme Court properly concluded the vacatur motion was untimely under CPLR 5015 (a) (1) (see HSBC Bank USA, N.A. v Grinage, 244 AD3d 969, 971 [2d Dept 2025]; State of N.Y. Higher Educ. Servs. Corp. v Sparozic, 35 AD3d 1069, 1070 [3d Dept 2006], lv dismissed 8 NY3d 958 [2007]). Contrary to the husband's contention, Supreme Court did not err in declining to construe his pro se correspondence to the court in June and July of 2024 as timely motions to vacate, as there is no evidence that he served a copy of such correspondence on the wife (see CPLR 2211, 5015 [a] [1]).
Although Supreme Court "retains inherent authority to vacate its own judgment or order in the interest of justice, even where the statutory one-year period under CPLR 5015 (a) (1) has expired" (Hayes v Village of Middleburgh, 140 AD3d 1359, 1362 [3d Dept 2016] [internal quotation marks and citations omitted]), it did not abuse its discretion in declining to do so in this case. The husband's stated medical issues shortly before the May 9, 2023 court appearance would generally constitute a reasonable excuse for his failure to appear (see Matter of Hannah MM. v Elizabeth NN., 151 AD3d 1193, 1195 [3d Dept 2017]). However, he did not request an adjournment of the May 9, 2023 appearance or promptly contact the court thereafter (see Youni Gems Corp. v Bassco Creations Inc., 70 AD3d 454, 455 [1st Dept 2010], lv dismissed 15 NY3d 863 [2010]; Rios v Skaters World Roller Rink, 246 AD2d 882, 883 [3d Dept 1998]). The husband asserts that he informed the wife about his medical issues and that she agreed she would contact the court on his behalf. However, he did not provide any sworn allegations in that regard and it was his obligation to inform the court about any medical issues impacting his ability to appear. Moreover, even taking the husband's [*4]claim at face value, he was aware by at least October 2023 that a default judgment had been issued against him, yet waited another eight months before taking action to contact the court and an additional nine months thereafter before formally moving to vacate the default.
Although we are mindful of the public policy in favor of deciding cases on the merits and that the rules for vacating default judgments are relaxed in matrimonial actions (see De Pass v De Pass, 42 AD3d 723, 724 [3d Dept 2007]; see Trim v Trim, 21 AD3d 1203, 1204 [3d Dept 2005]), "where a movant fails to demonstrate a reasonable excuse for the lengthy delay in moving to vacate the order or judgment, there is no basis to extend the one-year period in the exercise of discretion" (OneWest Bank, FSB v Singer, 237 AD3d 731, 733 [2d Dept 2025]). In our view, the husband's failure to take any action to request an adjournment before the May 9, 2023 appearance or to vacate the default for such an extended period thereafter — despite being on notice of the obligation to do so given his success on the prior appeal and his knowledge that his absence on May 9 was his second nonappearance — was not reasonable under the circumstances (see Gootnick v Gootnick, 241 AD3d 1292, 1293 [2d Dept 2025]; Kelly v Hinkley, 186 AD3d 1842, 1843 [3d Dept 2020]; Gaglio v Gaglio, 63 AD2d 667, 667 [2d Dept 1978]). For the same reason, the husband's argument that vacatur should have been granted under CPLR 5015 (a) (3) also fails, as a motion to vacate on that ground "must be made within a reasonable time" (Richardson v Richardson, 309 AD2d 795, 796 [2d Dept 2003]; see City of Albany Indus. Dev. Agency v Garg, 250 AD2d 991, 993 [3d Dept 1998]). Accordingly, Supreme Court did not abuse its discretion in denying the husband's motion to vacate his default.
The husband's remaining contentions, to the extent not expressly addressed, are either unpreserved or without merit.
Aarons, Pritzker, McShan and Ryba, JJ., concur.
ORDERED that the appeal from the order is dismissed, with costs.
ORDERED that the judgment is affirmed, with costs.

Footnotes

Footnote 1
Supreme Court further directed the wife to "submit proposed findings of fact and judgment of divorce within 30 days."